IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ANDY LAMAR ALLMAN., ) | Case No. 17-03085 |
| ) | Chapter 13 proceedings |
| Debtor . ) | Judge Walker |
| ) | |
| ——————————————— | |
| ) | |
| HENRY E. HILDEBRAND, III, TRUSTEE ) | |
| ) | |
| Movant ) | |
| ) | |
| -v- ) | |
| ) | |
| ANDY LAMAR ALLMAN. ) | |
| ) | |
| Respondent ) | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: June 12, 2017. IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE AT 8:30 A.M. ON July 21, 2017 IN COURTROOM 1, UNITED STATES BANKRUPTCY COURT, CUSTOMS HOUSE BUILDING, 701 BROADWAY, NASHVILLE, TN 37203**

## RESPONSE OF CREDITOR INGE GOODSON TO MOTION OF THE CHAPTER 13 TRUSTEE TO DISMISS THIS CASE FOR UNREASONABLE DELAY AND REQUEST A HEARING THEREON

Comes the Creditor and Party In Interest, Inge Goodson (Goodson), through counsel, and for response to the motion of Henry E. Hildebrand, III, Standing Chapter 13 Trustee for the Middle District of Tennessee to dismiss this case for unreasonable delay, would object to said motion and request a hearing thereon. In support thereof, the following would be shown unto the Court:

1.    Creditor Goodson concurs with the Chapter 13 Trustee that the Debtor, ANDY LAMAR ALLMAN., has failed to meet the requirements mandated of a Debtor under Section 521 and F.R.B.P. Rule 1007, to wit:

   (a)    The debtor filed a voluntary petition under Chapter 13 of Title 11 U.S.C. on May 3, 2017.

   (b)    The debtor has failed to file a Chapter 13 Plan within the time prescribed by Rule 3015, F.R.B.P.

–1–

(c)     The debtor has failed to file Schedules documenting the debtor's assets and liabilities as required by Rule 1007(b)(1)(A). The debtor has failed to file Schedules documenting the debtor's income and expenses as required by Rule 1007(b)(1)(B). The debtor has failed to submit a Statement of Financial Affairs as required by Rule 1007(b)(1)(D). The debtor has failed to submit a Form 22C documenting the debtor's Current Monthly Income and Monthly Projected Disposable Income as required by Rule 1007(b)(6).

(d)     The debtor has failed to submit a complete Matrix of Creditors as required by Rule 1007(a)(1), thus failing to provide names and addresses of the debtor's creditors. By failing to provide the Creditor Matrix, creditors are prevented from receiving adequate notice of the debtor's filing.

(e)     The debtor has failed to submit a Certificate from an approved non-profit budget and credit counseling agency demonstrating that the debtor has received a pre-petition briefing as required by 11 U.S.C. § 109.

(f)     The debtor has not received a briefing from an approved non-profit budget and credit counseling agency because the debtor asserts exigent circumstances exist. The debtor has failed to request Court approval of a waiver of this requirement.

2.     From the investigation done by Creditor Goodson, upon information and belief, the Debtor, ANDY LAMAR ALLMAN., is not eligible for Chapter 13 relief because he is over the debt eligibility limits as defined in Section 109 of the Bankruptcy Code.

3.     The Debtor, ANDY LAMAR ALLMAN., is an attorney admitted to practice before the United States Bankruptcy Court for the Middle District of Tennessee; the United States District Court for the Middle District of Tennessee; and Supreme Court of the state of Tennessee.  On September 9, 2016, the Debtor, ANDY LAMAR ALLMAN, license to practice law was suspended pursuant to Section 12.3 of Supreme Court Rule 9. Attached hereto, marked Exhibit 1, and incorporated herein by reference is the press release from the Tennessee Board of Professional Responsibility acknowledging said suspension.

4.     On March 12, 2016, the Tennessee Board of Professional Responsibility filed a petition for discipline against the Debtor, Andy Lamar Allman.  Attached hereto, marked Exhibit 2, and incorporated herein by reference is a copy of said petition for discipline.

5.     By order entered on January 12, 2017, a receiver was appointed by the Chancery Court for Sumner County, Tennessee to take charge of the assets of the Debtor, Andy Lamar Allman.  Attached hereto, marked Exhibit 3, and incorporated herein

by reference is a copy of the order appointing a receiver.

6.    Upon information and belief, he Debtor, Andy Lamar Allman, has been charged criminally in courts of Davidson County, Tennessee for actions and conduct which runs afoul against the peace and dignity of the citizens of the state of Tennessee.

7.    Upon information and belief, Creditor Goodson believes that the conduct of the Debtor, Andy Lamar Allman, through the filing of this case under Chapter 13 was done to curtail the efforts of the duly appointed state court receiver, that said action was done in bad faith, and the conduct of the Debtor, Andy Lamar Allman, was to hinder, delay, and defraud his creditors and parties in interest.

8.    Upon information and belief, there are fraudulent conveyances conducted by the Debtor, Andy Lamar Allman, and contemporaneous with the filing of this response, Creditor Goodson has filed an expedited motion to convert this case to one under Chapter 7 of the Bankruptcy Code.

WHEREFORE, Creditor Inge Goodson prays that the motion filed herein be dismissed with costs, if any, taxed to the Movant.

Respectfully submitted,

/s/ Steven L. Lefkovitz, No. 5953
STEVEN L. LEFKOVITZ
Attorney for Inge Goodson
618 Church Street, Suite 410
Nashville, TN 37219
(615) 256-8300 fax (615) 255-4516
email: slefkovitz@lefkovitz.com

−3−

## VERIFICATION

I hereby certify under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_Inge Goodson_ (signature)

Inge Goodson

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2017, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

_/s/ Steven L. Lefkovitz_

Steven L. Lefkovitz



# BOARD OF PROFESSIONAL RESPONSIBILITY
### OF THE
## SUPREME COURT OF TENNESSEE

10 CADILLAC DRIVE, SUITE 220
BRENTWOOD, TENNESSEE 37027
TELEPHONE: (615) 361-7500
(800) 486-5714
FA24: (615) 367-2480
E-MAIL: ethics@tbpr.org
Website: www.tbpr.org

RELEASE OF INFORMATION
RE: ANDY LAMAR ALLMAN, BPR #17857
CONTACT: A. RUSSELL WILLIS
BOARD OF PROFESSIONAL RESPONSIBILITY
615-361-7500

September 9, 2016

## SUMNER COUNTY LAWYER TEMPORARILY SUSPENDED

On September 9, 2016, the Supreme Court of Tennessee temporarily suspended Andy Lamar Allman from the practice of law upon finding Mr. Allman failed to respond to the Board regarding complaints of misconduct, misappropriated funds and posed a threat of substantial harm to the public. Section 12.3 of Supreme Court Rule 9 provides for the immediate summary suspension of an attorney's license to practice law in cases of an attorney's failure to respond to the Board regarding a complaint of misconduct, misappropriation of funds or posing a threat of substantial harm to the public.

Mr. Allman is immediately precluded from accepting any new cases, and he must cease representing existing clients by October 9, 2016. After October 9, 2016, Mr. Allman shall not use any indicia of lawyer, legal assistant, or law clerk nor maintain a presence where the practice of law is conducted.

Mr. Allman must notify all clients being represented in pending matters, as well as co-counsel and opposing counsel of the Supreme Court's Order suspending his law license. Mr. Allman is required to deliver to all clients any papers or property to which they are entitled.

This suspension remains in effect until dissolution or modification by the Supreme Court. Mr. Allman may for good cause request dissolution or modification of the suspension by petition to the Supreme Court.

Allman 2628-6 rel.doc

## IN DISCIPLINARY DISTRICT VI
### OF THE
## BOARD OF PROFESSIONAL RESPONSIBILITY
### OF THE
## SUPREME COURT OF TENNESSEE

IN RE: ANDY LAMAR ALLMAN,
BPR No. 17857, Respondent,
an Attorney Licensed to Practice
Law in Tennessee
(Sumner County)

DOCKET NO. 2016-2564-6-AW

---

## PETITION FOR DISCIPLINE

---

Comes now the Petitioner, the Board of Professional Responsibility of the Supreme Court of Tennessee, by and through Disciplinary Counsel, pursuant to Rule 9 of the Rules of the Supreme Court, and files this Petition for Discipline against Andy Lamar Allman.

1.    The Respondent, Andy Lamar Allman, is an attorney admitted by the Supreme Court of Tennessee in 1996 to practice law in the State of Tennessee. Mr. Allman's most recent address as registered with the Board of Professional Responsibility is 131 Saundersville Road, Suite 110, Hendersonville, Sumner County, Tennessee, being in Disciplinary District VI. The Respondent's Board of Professional Responsibility number is 17857.

2.    Pursuant to Section 1 of Rule 9, any attorney admitted to practice law in Tennessee is subject to the disciplinary jurisdiction of the Supreme Court, the Board of Professional Responsibility, the Hearing Panel, hereinafter established, and the Circuit and Chancery Courts.

3.    Pursuant to Section 3 of Rule 9, the license to practice law in this state is a privilege, and it is the duty of every recipient of that privilege to conduct himself or herself at all times in conformity with the standards imposed upon members of the bar as conditions for the privilege to

practice law. Acts or omissions by an attorney which violate the Rules of Professional Conduct of the State of Tennessee constitute misconduct and grounds for discipline.

4.　　Mr. Allman failed to conduct himself in conformity with said standards and is guilty of acts and omissions in violations of the authority cited *infra*. The Board of Professional Responsibility has authorized the filing of formal charges on December 11, 2015.

### File No. 37750-6-BG – Complaint of Thomas Peeler

5.　　On December 23, 2014, Thomas Peeler submitted a complaint to the Board of Professional Responsibility concerning the alleged unethical actions and inactions of Andy Lamar Allman. A true and exact copy of the Complaint Form Submission is attached hereto as Exhibit 1.

6.　　By letter dated January 5, 2015, Disciplinary Counsel for the Board forwarded a copy of Mr. Peeler's complaint to Mr. Allman asking for his response thereto within ten (10) days. A true and exact copy of the Board's notice of complaint is attached hereto as Exhibit 2.

7.　　On January 15, 2015, the Board received additional information from Mr. Peeler. A true and exact copy of the letter received January 15, 2015, is attached hereto as Exhibit 3.

8.　　By letter dated January 16, 2015, Disciplinary Counsel for the Board forwarded Mr. Peeler's letter to Mr. Allman, requesting his response thereto within ten (10) days.

9.　　Having received no response to the January 16, 2015 letter, Disciplinary Counsel again wrote to Mr. Allman on February 13, 2015, requesting a response within seven (7) days.

10.　　By letter dated February 25, 2015, Mr. Allman responded to Mr. Peeler's complaint. A true and exact copy of the Board's letters of January 16, 2015, February 13, 2015, and Mr. Allman's February 25, 2015 response are attached hereto as Exhibit 4.

11. On March 6, 2015, the Board received additional information from Mr. Peeler regarding Mr. Allman. A true and exact copy of Mr. Peeler's March 6, 2015 letter is attached hereto as Exhibit 5.

12. By letter dated March 6, 2015, Disciplinary Counsel forwarded a copy of Mr. Peeler's March 6, 2015 letter to Mr. Allman requesting his response thereto within ten (10) days.

13. Having received no response to the March 6, 2015 letter, on May 5, 2015, Disciplinary Counsel again forwarded Mr. Peeler's complaint to Mr. Allman requesting his response thereto within seven (7) days.

14. By letter dated May 18, 2015, Mr. Allman responded to Mr. Peeler's March 6, 2015 correspondence. True and exact copies of the Board's March 6, 2015 and May 5, 2015 letters and Mr. Allman's May 18, 2015 response are attached hereto as Exhibit 6.

15. On or about September 14, 2011, Mr. Allman was retained by Mr. Peeler to prosecute a discrimination action against Mr. Peeler's employer and paid a retainer of $2,500.00. A true and correct copy of the retainer check made payable to Andy Allman in the amount of $2,500.00 is attached hereto as Exhibit 7.

16. On or about March 12, 2012, Mr. Peeler delivered a $1,500.00 check to Mr. Allman to retain an expert, Gil Mathis, to perform a salary study. A true and correct copy of the expert fee check made payable to Andy Allman in the amount of $1,500.00 is attached hereto as Exhibit 8.

17. Upon information and belief, Mr. Allman neither deposited the expert fee check into his trust account nor delivered the expert fee to Dr. Mathis.

18. Despite repeated requests, Mr. Allman has not produced any accounting to Mr. Peeler or Disciplinary Counsel regarding the disposition of $1,500.00 expert fee paid by Mr. Peeler on March 12, 2012.

19.     Upon information and belief, Dr. Mathis was never retained in Mr. Peeler's case and never produced a salary study.

20.     Mr. Peeler made a demand for return of the $1,500, and Mr. Allman represented he would refund he expert fee in full.

21.     To date, Mr. Allman has not refunded the $1,500 expert fee to Mr. Peeler.

22.     On October 20, 2011, Mr. Allman sent a completed Intake Questionnaire to the Equal Employment Opportunity Counsel (EEOC) alleging age discrimination on behalf of Mr. Peeler. A true and correct copy of the Intake Questionnaire sent to the EEOC on October 20, 2011, is attached hereto as Exhibit 9.

23.     On November 16, 2011, Mr. Allman sent a letter to the EEOC enclosing three (3) originals of Charge No. 494-2012-00129, a Confidentiality Agreement and an Agreement to Mediate executed by Mr. Peeler. A true and correct copy of Mr. Allman's cover letter addressed to the EEOC is attached hereto as Exhibit 10.

24.     Thereafter, a mediation was arranged by the EEOC for March 22, 2012; however, Mr. Allman had a conflict and requested the mediation be rescheduled. A true and correct copy of Mr. Allman's letter dated February 21, 2012, requesting mediation be rescheduled is attached hereto as Exhibit 11.

25.     By letter dated February 28, 2012, Mr. Allman's paralegal confirmed a telephone conversation with Mr. Peeler setting an appointment with Mr. Peeler for March 12, 2012. A true and correct copy of the February 28, 2012 letter to Mr. Peeler is attached hereto as Exhibit 12.

26.     Pursuant to Mr. Allman's request, mediation was rescheduled by the EEOC for April 19, 2012, and Mr. Allman's paralegal sent a confirming letter dated March 29, 2012, to Mr.

Peeler. A true and correct copy of the letter dated March 29, 2012, addressed to Mr. Peeler is attached hereto as Exhibit 13.

27.     The mediation proved unsuccessful, and Mr. Allman's paralegal contacted the EEOC by letter dated June 21, 2012, and requested the issuance of a Right to Sue Letter. A true and correct copy of the June 21, 2012 letter requesting issuance of a Right to Sue letter is attached hereto as Exhibit 14.

28.     On July 12, 2012, the EEOC issued a Right to Sue letter and mailed the same to Mr. Allman. A true and correct copy of the Right to Sue letter dated July 12, 2012, mailed to Mr. Allman is attached hereto as Exhibit 15.

29.     On July 30, 2012, Mr. Allman wrote Mr. Peeler to recommend the age discrimination case not be pursued. A true and correct copy of the letter dated July 30, 2012, is attached hereto as Exhibit 16.

30.     Upon information and belief, Mr. Allman did not deliver the July 30, 2012, letter to Mr. Peeler or otherwise advise Mr. Peeler the age discrimination claim was not worth pursuing.

31.     Thereafter, Mr. Allman led Mr. Peeler to believe a lawsuit had been filed against Mr. Peeler's former employer, discovery requests had been sent to the defendant employer and the case was set for trial on October 15, 2013.

32.     The representations of Mr. Allman to Mr. Peeler were untrue as no legal action had been filed, no discovery had been sent to the former employer and no trial date of October 15, 2013, had been obtained from any court.

33.     When Mr. Peeler emailed Mr. Allman regarding the status of the case and the looming trial date of October 15, 2013, Mr. Allman failed to disclose that no law suit had been

filed and no trial date existed. True and correct copies of emails between Mr. Peeler and Mr. Allman dated April 24, 2013; April 25, 2013; May 1, 2013; May 24, 2013; June 5, 2013; June 18, 2013; June 26, 2013; August 19, 2013; August 20, 2013; September 12, 2013; and September 13, 2013, are attached hereto as Exhibit 17.

34.    On April 2, 2014, Mr. Allman filed a complaint in the United States District Court against Mr. Peeler's former employer alleging violations of the Sarbanes-Oxley Act and the Family Medical Leave Act. A true and correct copy of the Complaint filed by Mr. Allman on April 2, 2014, is attached hereto as Exhibit 18.

35.    On August 22, 2014, Mr. Allman filed a Notice of Voluntary Dismissal in the District Court. A true and correct copy of the Notice of Voluntary Dismissal filed by Mr. Allman on August 22, 2014, is attached hereto as Exhibit 19.

36.    Mr. Allman filed the Notice of Voluntary Dismissal without the knowledge or consent of Mr. Peeler.

37.    An Order dismissing the case was entered on August 25, 2014. A true and correct copy of the August 25, 2014 Order dismissing the case is attached hereto as Exhibit 20.

38.    Mr. Allman failed to inform Mr. Peeler his law suit had been dismissed and misled Mr. Peeler to believe his case remained set for trial on December 4, 2014. True and correct copies of emails between Mr. Peeler and Mr. Allman dated August 14, 2014; September 15, 2014; and October 24, 2014, are attached hereto as Exhibit 21.

## File No. 40060-6-BG – Complaint of Patrick Chandler

39.    On February 23, 2015, the Board received a Memorandum of Complaint from Patrick Chandler concerning the alleged unethical actions and inactions of Andy Allman. A true

and exact copy of Mr. Chandler's Complaint is attached hereto as Exhibit 22.

40. By letter dated February 25, 2015, the Board forwarded Mr. Chandler's complaint to Mr. Allman and requested his response thereto within ten (10) days.

41. Having received no response, Disciplinary Counsel again wrote to Mr. Allman on March 23, 2015, requesting a response to Mr. Chandler's complaint within seven (7) days.

42. By letter dated April 16, 2015, Mr. Allman responded to the Chandler complaint. True and exact copies of the Board's letters dated February 25, 2015, and March 23, 2015, and Mr. Allman's April 16, 2015, response are attached hereto as Exhibit 23.

43. By letter dated April 17, 2015, Disciplinary Counsel forwarded a copy of Mr. Allman's April 16, 2015 letter to Mr. Chandler and asked for his response thereto.

44. By letter dated April 26, 2015, Mr. Chandler responded. True and correct copies of the Board's letter of April 17, 2015 and Mr. Chandler's April 26, 2015 response are attached hereto as Exhibit 24.

45. By letter dated April 30, 2015, Disciplinary Counsel forwarded a copy of Mr. Chandler's April 26, 2015 letter to Mr. Allman for a response.

46. By letter dated June 2, 2015, Mr. Allman responded. True and exact copies of the Board's April 30, 2015 letter and Mr. Allman's June 2, 2015 response are attached hereto as Exhibit 25.

47. On or about July 24, 2012, Mr. Allman filed a complaint in the United States District Court on behalf of Mr. Chandler alleging sex discrimination, retaliation and hostile work environment.

48. Subsequent to the filing of the complaint, Mr. Chandler instructed Mr. Allman to request certain documentation be produced by the defendant through discovery.

49.     When defendant objected to the production of the information, Mr. Chandler instructed Mr. Allman to take action to force the documents to be produced.

50.     Mr. Allman failed to take the appropriate action to compel the production of the documents Mr. Chandler believed were critical to the prosecution of his clams against the defendant.

51.     On August 2, 2013, defendant filed a Motion for Summary Judgment which was duly opposed by Mr. Allman on behalf of Mr. Chandler.

52.     On October 1, 2013, the District Court found a paucity of evidence to support Mr. Chandler's claims and granted summary judgment to the defendant.

53.     Mr. Allman filed a timely Notice of Appeal, and the parties filed timely briefs.

54.     On August 4, 2014, the Court of Appeals for the Sixth Circuit filed its decision affirming the grant of summary judgment by the District Court.

55.     Mr. Allman recommended filing a request for an en banc hearing, and Mr. Chandler authorized the filing of the request.

56.     Mr. Allman failed to file a request for an en banc hearing prior to the August 24, 2014 deadline and failed to disclose the same to Mr. Chandler.

57.     Despite his failure to file a request for an en banc hearing, Mr. Allman represented to Mr. Chandler in October, 2014, the en banc hearing request had been electronically filed.

58.     Thereafter, Mr. Chandler requested proof of the filing, and Mr. Allman represented he would provide the same to Mr. Chandler.

59.     After repeated requests, Mr. Chandler texted Mr. Allman on January 20, 2015, and January 21, 2015, to inquire if Mr. Allman had located proof of the electronic filing of the request for en banc hearing.

60. Mr. Allman responded to the text and knowingly misrepresented he had located proof the en banc request had been electronically filed with the Court of Appeals for the Sixth Circuit. True and correct copies of text messages between Mr. Chandler and Mr. Allman dated January 20 and January 21 are attached hereto as Exhibit 26.

61. During the nearly three (3) year representation, Mr. Allman failed to reasonably communicate with or otherwise respond timely to Mr. Chandler regarding the status of his case and appeal.

## File No. 40944c-6-BG – Complaint of Mark Webb

62. On April 17, 2015, the Board's Consumer Assistance Program received a complaint from Mark Webb concerning Mr. Allman's alleged ethical misconduct.

63. By letter dated July 21, 2015, Disciplinary Counsel for the Board forwarded a complete copy of Mr. Webb's complaint to Mr. Allman requesting a response thereto within ten (10) days. True and exact copies of Mr. Webb's complaint and the Board's letter of July 21, 2015 are attached hereto as Exhibit 27.

64. On August 12, 2015, Mr. Webb submitted additional information to Disciplinary Counsel.

65. By letter dated August 14, 2015, Disciplinary Counsel for the Board forwarded Mr. Webb's August 12, 2015 letter to Mr. Allman and requested his response thereto within ten (10) days. True and exact copies of Mr. Webb's letter and the Board's letter dated August 14, 2015 are attached hereto as Exhibit 28.

66. Having received no response, to the July 21, 2015 Notice of Complaint, Disciplinary Counsel again forwarded a copy of Mr. Webb's complaint to Mr. Allman by letter dated September 9, 2015, as well as by email of the same date, requesting his response thereto

within seven (7) days. A true and exact copy of the Board's correspondence dated September 9, 2015, is attached hereto as Exhibit 29.

67. Having received no response to the Board's July 21, 2015, or September 9, 2015, letters, on September 30, 2015, Disciplinary Counsel sent a Notice of Petition for Temporary Suspension to Mr. Allman requesting a response within ten (10) days. A true and exact copy of the Board's Notice of Petition for Temporary Suspension is attached hereto as Exhibit 30.

68. By letter dated October 8, 2015 and received by the Board on October 15, 2015, Mr. Allman responded to Mr. Webb's complaint. A true and exact copy of Mr. Allman's letter dated October 8, 2015, is attached hereto as Exhibit 31.

69. Mr. Webb had experienced difficulty with the local school when Mr. Webb attempted to attend certain school functions and activities in which his child participated.

70. Mr. Webb filed pro se action against the school principal in the Circuit Court for Bedford County.

71. On or about January 8, 2015, Mr. Allman was retained by Mr. Webb to represent him in a civil action Mr. Webb had filed in the Circuit Court for Bedford County.

72. Mr. Allman understood the urgency of presenting Mr. Webb's claims to the court.

73. Mr. Webb paid Mr. Allman a retainer of $5,000.00 on or about January 8, 2015. A true and correct copy of the $5,000.00 Cashier's Check payable to Mr. Allman is attached hereto as Exhibit 32.

74. On or about February 11, 2015, Mr. Allman filed a Motion to Continue Hearing Date requesting the Court reschedule argument on the defendant's motion for judgment on the pleadings. A true and correct copy of the Motion to Continue Hearing Date filed February 11, 2015, is attached hereto as Exhibit 33.

75. The argument was rescheduled for April 9, 2015.

76. On April 8, 2015, Mr. Allman contacted Mr. Webb to advise him to non-suit the action pending in the Circuit Court and allow Mr. Allman to file a federal complaint against the school.

77. Based upon Mr. Allman's representations that a lawsuit would be filed in the District Court and Mr. Webb would be contacted by Mr. Allman's associate on April 14, 2015, to gather information to prepare the complaint, Mr. Webb granted permission to non-suit his action.

78. Mr. Webb was not contacted by Mr. Allman's associate on April 14, 2015, as promised.

79. On April 17, 2015, Mr. Allman reassured Mr. Webb a complaint would be filed in the District Court.

80. After receiving no further communication from Mr. Allman, Mr. Webb delivered a letter to Mr. Allman dated April 25, 2015, demanding suit be filed in the District Court by May 15, 2015, or Mr. Allman refund the $5,000.00 retainer. A true and correct copy of the April 25, 2015 letter from Mr. Webb is attached hereto as Exhibit 34.

81. Mr. Allman did not file an action in the District Court as represented and did not refund any of the retainer.

82. After Mr. Webb filed his complaint with the Board of Professional Responsibility, Mr. Allman refunded a portion of the retainer by letter dated November 3, 2015. A true and correct copy of Mr. Allman's transmittal letter of November 3, 2015, is attached hereto as Exhibit 35.

### File No. 40668c-6-BG – Complaint of Leslie Jones

83. By letter dated August 10, 2015, Disciplinary Counsel forwarded a complete copy of Ms. Jones' complaint regarding Mr. Allman's alleged ethical misconduct to Mr. Allman

requesting his response thereto within ten (10) days. True and exact copies of the Board's letter of August 10, 2015, as well as Ms. Jones' complaint are attached hereto as Exhibit 36.

84.     Having received no response to the August 10, 2015 Notice of Complaint, Disciplinary Counsel again wrote to Mr. Allman on September 25, 2015, by mail and by email requesting his response within seven (7) days. True and exact copies of the Board's correspondence of September 25, 2015 is attached hereto as Exhibit 37.

85.     Having received no response to the August 10, 2015, or September 25, 2015, notices, on November 2, 2015, Disciplinary Counsel forwarded a Notice of Petition for Temporary Suspension to Mr. Allman requesting his response within ten (10) days.

86.     By email dated November 18, 2015, Mr. Allman responded to the Jones complaint. True and exact copies of Mr. Allman's email and attachments are attached hereto as Exhibit 38.

87.     On or December 18, 2012, Mr. Allman was retained by Mr. Jones to represent him in an employment action against Mr. Jones' former employer.

88.     Mr. Jones paid Mr. Allman a retainer of $4,500.00 on December 18, 2012. A true and correct copy of the receipt for $4,500.00 issued by Mr. Allman on December 18, 2102, is attached hereto as Exhibit 39.

89.     Although Mr. Jones was advised by Mr. Allman that the statute of limitations was closing in, Mr. Allman indicated he would file the claim before the statute expired.

90.     Mr. Allman further advised Mr. Jones that the employment claim would take a long time to complete and Mr. Allman's office would keep in touch.

91.     In January, 2013, Mr. Jones contacted Mr. Allman about the status of his case, and Mr. Allman represented he was out of town but Mr. Jones' case would be taken up as soon as he returned.

92.     In March, 2013, Mr. Jones contacted Mr. Allman about the status of his case, and Mr. Allman represented the case was set for trial and dates for depositions and the trial would be provided to Mr. Jones.

93.     Mr. Jones never received the trial or deposition dates from Mr. Allman as represented.

94.     Thereafter, Mr. Jones attempted to contact Mr. Allman regarding his case, but Mr. Allman did not return Mr. Jones's phone calls or otherwise reasonably communicate with Mr. Jones.

95.     On August 6, 2014, Mr. Jones wrote Mr. Allman to apologize for his wife's behavior toward Mr. Allman's staff. The letter reflects Mr. Jones' understanding that his case is pending. A true and correct copy of the letter from Mr. Jones dated August 6, 2014, is attached hereto as Exhibit 40.

96.     After receiving Mr. Jones' apology, Mr. Allman failed to correct Mr. Jones' misunderstanding or disclose that the claim or cause of action had not been filed.

97.     In January, 2015, Mr. Jones contacted Mr. Allman's staff about the status of his case but Mr. Allman did not return Mr. Jones' messages or otherwise reasonably communicate with Mr. Jones.

98.     Mr. Jones called Mr. Allman's office again in January, 2015, and was informed that Mr. Allman would be refunding Mr. Jones' retainer.

99.     Mr. Allman never informed Mr. Jones that Mr. Allman had failed to file a timely claim on Mr. Jones' behalf.

100. On or about February, 2015, Mr. Jones received a refund of the retainer he paid to Mr. Allman.

101. During the investigation of Mr. Jones' complaint and in response to inquiry from Disciplinary Counsel for the Board of Professional Responsibility, Mr. Allman produced a letter dated December 19, 2012, purporting to have been sent to Mr. Jones and advising, in part, that Mr. Allman is unable to file a timely claim with the Equal Employment Opportunity Commission (EEOC). A true and correct copy of the letter dated December 19, 2012, is attached hereto as Exhibit 41.

102. Mr. Allman also produced a letter dated March 15, 2013, purporting to have been sent to Mr. Jones and providing him with a copy of the Right to Sue letter issued by the EEOC. A true and correct copy of the letter dated March 15, 2013, is attached hereto as Exhibit 42.

103. Upon information and belief, Mr. Jones never received the letters dated December 19, 2012, and March 15, 2013.

104. Upon information and belief, the letters dated December 19, 2012, and March 15, 2013, were not sent to Mr. Jones as represented.

105. On August 3, 2015, Mr. Jones filed a complaint against Mr. Allman in the Circuit Court for Davidson County alleging Mr. Allman failed to timely file Mr. Jones' lawsuit and attempted to conceal his professional failure. A true and correct copy of the referenced Complaint (without Exhibits) filed August 3, 2015, is attached hereto as Exhibit 43.

### File No. 42048-6-BG – Complaint of Rollow Mickle

106. On June 24, 2015, the Board received a Complaint/Assistance Form from Rollow Mickle concerning the alleged unethical conduct of Andy Allman.

107. By letter dated June 26, 2015, Disciplinary Counsel forwarded Mr. Mickle's complaint to Mr. Allman requesting a response thereto within ten (10) days. True and exact copies of Mr. Mickle's complaint and the Board's notice of complaint attached hereto as Exhibit 44.

108. Having received no response to the June 26, 2015 notice of complaint, Disciplinary Counsel again wrote to Mr. Allman on August 19, 2015, by mail and by email, requesting a response to the Mickle complaint within seven (7) days. A true and exact copy of the Board's August 19, 2015 correspondence is attached hereto as Exhibit 45.

109. On August 21, 2015, the Board received Mr. Allman's response dated June 29, 2015. A true and exact copy of Mr. Allman's response is attached hereto as Exhibit 46.

110. On August 26, 2015, Mr. Allman submitted a second response to Mr. Mickle's complaint. A true and exact copy of Mr. Allman's letter received by the Board on August 28, 2015, is attached hereto as Exhibit 47.

111. On or about January 30, 2014, Mr. Allman was retained by Mr. Mickle to prosecute an employment action against the Metropolitan Davidson County Election Commission.

112. Mr. Mickle paid Mr. Allman a retainer of $5,000.00 on January 30, 2014.

113. On May 7, 2014, after approximately 3.3 hours of legal work, Mr. Allman filed an action against the Metropolitan Davidson County Election Commission (Election Commission) and its Chairman.

114. On July 18, 2014, the Election Commission filed a Motion to Dismiss based upon the failure of the plaintiff to state a claim upon which relief can be granted. A true and correct copy of the United States District Court Docket Sheet for the referenced legal action is attached hereto as Exhibit 48.

115. On August 7, 2014, a Joint Stipulation of Dismissal with a proposed Order was filed by Mr. Allman.

116. On August 8, 2014, an Agreed Order of Dismissal Without Prejudice was entered by the District Court. A true and correct copy of the Agreed Order of Dismissal Without Prejudice filed August 8, 2014, is attached hereto as Exhibit 49.

117. Mr. Allman executed and filed the Joint Stipulation of Dismissal without the knowledge or consent of Mr. Mickle. A true and correct copy of an email exchange between Mr. Mickle and Mr. Allman dated September 8, 2014; September 10, 2014; October 22, 2014; October 23, 2014; and October 30, 2014, are attached hereto as Exhibit 50.

118. Upon being confronted by Mr. Mickle regarding the dismissal of the federal law suit, Mr. Allman justified his action on the basis that additional defendants were to be added when the case was refiled.

119. On November 20, 2014, Mr. Allman filed a new action in the Circuit Court for Davidson County against the Metropolitan Davidson County Election Commission and its chairman. A true and correct copy of the referenced Complaint filed November 20, 2014, is attached hereto as Exhibit 51.

120. Contrary to the representations of Mr. Allman, the parties named in the action filed by Mr. Allman in the state court were identical to the parties named in the action he dismissed in the federal court.

121. On February 6, 2015, the Election Commission filed a Motion to Dismiss and a Memorandum of Law in Support on the basis that the plaintiff failed to state a claim upon which relief can be granted (Rule 12.02(6) of the Tennessee Rules of Civil Procedure). True and correct

copies of the Motion to Dismiss and the Memorandum of Law in Support of the Motion to Dismiss are attached hereto as Exhibit 52.

122.     The Motion to Dismiss filed in the state action was similar to the Motion to Dismiss filed in the federal action.

123.     During the representation, Mr. Allman failed to reasonably respond to or otherwise communicate with Mr. Mickle regarding the status of his case.

124.     Mr. Mickle complained to Mr. Allman about the failure to communicate and demanded a return of his $5,000.00 retainer. Mr. Mickle's complaints resulted in Mr. Allman electing to terminate the representation. A true and correct copy of the email exchange between Mr. Mickle and Mr. Allman dated March 18, 2015, is attached hereto as Exhibit 53.

125.     On May 29, 2015, an Order Granting Motion to Withdraw as Counsel for Plaintiff was entered by the Circuit Court, and Mr. Allman was relieved a counsel of record. A true and correct copy of the referenced order is attached hereto as Exhibit 54.

126.     Mr. Mickle demanded an accounting from Mr. Allman on or about August 19, 2015. A true and correct copy of Mr. Mickle's demand for an accounting is attached hereto as Exhibit 55.

127.     Mr. Allman delayed unreasonably until November 11, 2015, providing Mr. Mickle with a billing statement and a refund of the unearned fee. True and correct copies of Mr. Allman's billing statement and refund check in the amount of $2,535.00 are attached hereto as Exhibit 56.

## File No. 42208-6-BG – Complaint of Scotty Hatton

128.     On July 7, 2015, Scotty Hatton submitted a complaint form to the Board concerning Mr. Allman's alleged unethical conduct.

129. By letter dated July 10, 2015, Disciplinary Counsel forwarded Mr. Hatton's complaint to Mr. Allman and requested his response thereto within ten (10) days. A true and exact copy of Mr. Hatton's complaint and the Board's notice of complaint are attached hereto as <u>Exhibit 57</u>.

130. By letter dated September 2, 2015, and received by the Board on September 8, 2015, Mr. Allman responded to Mr. Hatton's complaint. A true and exact copy of Mr. Allman's September 2, 2015 response is attached hereto as <u>Exhibit 58</u>.

131. On or about March 18, 2015, Mr. Allman was retained by Mr. Hatton to represent him in a National Labor Relations Board (NLRB) and/or collective bargaining agreement (CBA) claim.

132. A written Attorney-Client Litigation Agreement was executed by Mr. Hatton and Mr. Allman on March 18, 2015, and Mr. Hatton paid a $4,500.00 retainer to Mr. Allman. True and correct copies of the executed Attorney-Client Litigation Agreement and the $4,500.00 retainer check are attached hereto as <u>Exhibit 59</u>.

133. At the initial meeting, Mr. Allman requested Mr. Hatton provide a copy of his employee handbook as soon as possible to allow Mr. Allman to begin working on his matter.

134. Shortly after the initial meeting, Mr. Hatton changed his mind about proceeding with his claim and notified Mr. Allman of the same and requested a refund of his retainer.

135. Mr. Allman agreed to refund the retainer fee in full but failed to deliver the refund within a reasonable period of time.

136. After waiting approximately two (2) months, Mr. Hatton contacted Mr. Allman about his refund and provided Mr. Allman with a his recent new address.

137. Mr. Allman represented he would issue a full refund to Mr. Hatton immediately.

138. On October 30, 2015, seven (7) months after receiving a demand from Mr. Hatton for refund of the retainer, Mr. Allman mailed a $4,500.00 refund check to Mr. Hatton. A true and correct copy of Mr. Allman's cover letter of October 30, 2015, is attached hereto as Exhibit 60.

139. Upon receipt of the refund check, Mr. Hatton duly deposited Mr. Allman's check; however, the check was dishonored.

140. Upon information and belief, Mr. Allman has not refunded the $4,500.00 retainer fee to Mr. Hatton as promised.

### File No. 42228-6-BG – Complaint of Gerald Newsom

141. On July 8, 2015, Gerald Newsom submitted a Complaint Form alleging unethical conduct of Andy Allman.

142. By letter dated July 14, 2015, Disciplinary Counsel for the Board forwarded a copy of Mr. Newsom's complaint to Mr. Allman requesting his response thereto within ten (10) days. True and exact copies of Mr. Newsom's complaint and the Board's notice of complaint are attached hereto as Exhibit 61.

143. Having received no response to the July 14, 2015 notice of complaint, Disciplinary Counsel again wrote to Mr. Allman by mail and by email on August 19, 2015, requesting a response to the Newsom Complaint within seven (7) days. True and exact copies of the Board's correspondence dated August 19, 205 are attached hereto as Exhibit 62.

144. On August 28, 2015, the Board received Mr. Allman's response to Mr. Newsom's complaint. A true and exact copy of Mr. Allman's letter dated August 26, 2015, is attached hereto as Exhibit 63.

145. On or about September 8, 2011, Mr. Allman was retained to represent Mr. Newsom in a discrimination claim against Mr. Newsom's employer.

146. Mr. Newsom paid a retainer fee of $3,500.00 to Mr. Allman on September 8, 2011. A true and correct copy of check number 3680 in the amount of $3,500.00 made payable to Mr. Allman is attached hereto as Exhibit 64.

147. Mr. Allman represented to Mr. Newsom that Mr. Allman would file an appropriate legal action for discrimination on behalf of Mr. Newsom.

148. On October 27, 2011, Mr. Allman completed and mailed an Intake Questionnaire to the EEOC. A true and correct copy of the Intake Questionnaire dated October 27, 2011, is attached hereto as Exhibit 65.

149. On December 29, 2011, Mr. Allman completed and mailed to the EEOC a Formal Charge of Discrimination, Agreement to Mediate and a Confidentiality Agreement executed by Mr. Newsom. True and correct copies of the referenced documents are attached hereto as Exhibit 66.

150. At the request of Mr. Allman, the EEOC issued a Right to Sue letter on August 8, 2012. A true and correct copy of the Right to Sue letter dated August 8, 2012, is attached hereto as Exhibit 67.

151. Mr. Allman represented to Mr. Newsom that a law suit for discrimination would be filed within the ninety (90) day limit set forth in the Notice of Right to Sue.

152. In January, 2014, Mr. Newsom inquired about the status of his lawsuit against his employer which had been represented by Mr. Allman to have been previously filed in the appropriate court.

153. Mr. Allman indicated to Mr. Newsom that his law suit was pending and proceeding.

154. In February, 2014, Mr. Allman represented to Mr. Newsom that the defendant employer wished to settle the law suit.

155. In July, 2014, Mr. Allman represented to Mr. Newsom that the defendant Employer would not settle and the law suit would proceed to trial before a jury.

156. Mr. Allman further represented that documents would be delivered to Mr. Newsom in October, 2014, related to the lawsuit; however, Mr. Allman failed to deliver the documents as promised.

157. Mr. Newsom became concerned about the status of his lawsuit and contacted Mr. Allman regarding the documents which had been promised.

158. Mr. Allman represented said documents would be delivered in November, 2014; however, no documents were delivered.

159. In February, 2015, Mr. Newsom discovered that no lawsuit had been filed by Mr. Allman as had been represented to Mr. Newsom on a number of previous occasions.

160. Mr. Newsom filed a legal malpractice action against Mr. Allman in the Circuit Court for Davidson County on May 15, 2015. A true and correct copy of the Complaint for legal malpractice filed against Mr. Allman is attached hereto as <u>Exhibit 68</u>.

161. Over the course of the three (3) year representation, Mr. Allman misled Mr. Newsom regarding the filing and prosecution of Mr. Newsom's lawsuit against his employer.

## ALLEGED VIOLATIONS

162. By the aforementioned acts and omissions, Mr. Allman has engaged in unethical conduct in violation of the Tennessee Rules of Professional Conduct and more specifically set forth hereinafter:

## RULE 1.1: COMPETENCE[1]

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

## RULE 1.3: DILIGENCE[1]

A lawyer shall act with reasonable diligence and promptness in representing a client.

## RULE 1.4: COMMUNICATION[1]

(a)     A lawyer shall:

  (1)     promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in RPC 1.0(e), is required by these Rules;

  (2)     reasonably consult with the client about the means by which the client's objectives are to be accomplished;

  (3)     keep the client reasonably informed about the status of the matter;

  (4)     promptly comply with reasonable requests for information; and

  (5)     consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b)     A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

## RULE 1.15 SAFEKEEPING PROPERTY AND FUNDS[1]

(a)     A lawyer shall hold property and funds of clients or third persons that are in a lawyer's possession in connection with a representation separate from the lawyer's own property and funds.

(b)     Funds belonging to clients or third persons shall be deposited in a separate account maintained in an FDIC member depository institution having a deposit-accepting office located in the state where the lawyer's office is situated (or elsewhere with the consent of the client or third person) and which participates in the required overdraft notification program as required by Supreme Court Rule 9, Section 29.1. A lawyer may deposit the lawyer's own funds in such an account for the sole purpose of paying financial

---

[1] Tenn. Sup. Ct. R. 8, Rules of Professional Conduct adopted by the Tennessee Supreme Court by order filed September 29, 2010, effective January 1, 2011.

institution service charges or fees on that account, but only in an amount reasonably necessary for that purpose. Other property shall be identified as such and appropriately safeguarded. Complete records of such funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

(1) Except as provided by subparagraph (b)(2), interest earned on accounts in which the funds of clients or third persons are deposited, less any deduction for financial institution service charges or fees (other than overdraft charges) and intangible taxes collected with respect to the deposited funds, shall belong to the clients or third persons whose funds are deposited, and the lawyer shall have no right or claim to such interest. Overdraft charges shall not be deducted from accrued interest and shall be the responsibility of the lawyer.

(2) A lawyer shall deposit all funds of clients and third persons that are nominal in amount or expected to be held for a short period of time such that the funds cannot earn income for the benefit of the client or third persons in excess of the costs incurred to secure such income in one or more pooled accounts known as an "Interest on Lawyers' Trust Account" ("IOLTA"), in accordance with the requirements of Supreme Court Rule 43. A lawyer shall not deposit funds in any account for the purpose of complying with this sub-section unless the account participates in the IOLTA program under Rule 43.

(3) The determination of whether funds are required to be deposited in an IOLTA account pursuant to subparagraph (b)(2) rests in the sound discretion of the lawyer. No charge of ethical impropriety or other breach of professional conduct shall attend a lawyer's exercise of good faith judgment in making such a determination.

(c) A lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred.

(d) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such funds or other property.

## RULE 1.16: DECLINING OR TERMINATING REPRESENTATION[1]

(a)    Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

    (1)    the representation will result in a violation of the Rules of Professional Conduct or other law;

    (2)    the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

    (3)    the lawyer is discharged.

(b)    Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

    (1)    withdrawal can be accomplished without material adverse effect on the interests of the client;

    (2)    the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

    (3)    the client has used the lawyer's services to perpetrate a crime or fraud;

    (4)    the client insists upon taking action that the lawyer considers repugnant or imprudent;

    (5)    the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

    (6)    the representation will result in an unanticipated and substantial financial burden on the lawyer or has been rendered unreasonably difficult by the client;

    (7)    other good cause for withdrawal exists; or

    (8)    the client gives informed consent confirmed in writing to the withdrawal of the lawyer.

(c)    A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

RECEIVED JAN 1 1 2017

CHANCERY COURT OF SUMNER COUNTY, TENNESSEE

IN RE:

ANDY LAMAR ALLMAN,
RESPONDENT

NO. 2016-CV-160

FILED_____ / REC_____
SUMNER CO. CHANCERY COURT
JAN 1 2 2017

BY:_____
DEPUTY CLERK & MASTER

## ORDER APPOINTING RECEIVER

Pursuant to the Order to Appear entered by the Chancery Court on December 22, 2016, this matter came on for hearing on January 4, 2017, on the Verified Complaint for Appointment of Receiver Attorney. Appearing at the hearing were Andy Lamar Allman; A. Russell Willis, counsel for the Board of Professional Responsibility; Dennis Powers, interim Receiver Attorney and Erika Porter, Treasurer for the Sumner County Bar Association. After hearing the sworn testimony of Andy Lamar Allman, the statements of counsel for the Board, the statements of the interim Receiver, statements of the representative for the Sumner County Bar and considering the verified complaint, the Court makes the following findings:

1. Mr. Allman has been suspended from the practice of law and has outstanding cases which appear to number between less than two hundred (200) to over three (300) hundred active cases. Mr. Allman is unable to appropriately and timely respond to his clients and/or facilitate the orderly transfer of his client's files to new counsel.

2. It is necessary and appropriate for the Chancery Court of Sumner County to appoint a Receiver Attorney as provided by Tenn. Sup. Ct. R. 9, § 29 and specifically § 29.2.

3. Mr. Dennis Powers, a member of the Sumner County Bar who has served as a Receiver in this Court on prior occasions, is qualified under the law to serve as Receiver Attorney for Andy Lamar Allman. It was disclosed that previously Dennis W. Powers had represented Mr. Allman in a divorce proceeding, however any conflict was waived by all of the parties in open court. In addition, Mr. Powers disclosed that he represented Sumner Radiology, PC in a case that was brought by Dr. Michael Kramer who was represented by Mr. Allman. Mr. Powers is prohibited from viewing any and all information if such is provided to him relative to this matter, and further, if any such information exists it is to be forwarded immediately without review to Dr. Kramer's new attorney.

4. Mr. Powers shall be allocated and given all power, authority, responsibilities and duties as provided under Tenn. Sup. Ct. R. 9, § 29.3 to protect the interest of the clients and to the extent allowable, the interests of Mr. Allman in this matter.

5. Andy Lamar Allman shall furnish to Mr. Powers any and all client information, including any and all client files, both hard files and digital files, including electronic files. Mr. Allman shall furnish to Mr. Powers all information regarding all bank accounts associated with

the Allman Law Firm and Mr. Allman personally or in any representative capacity in the last ten years, including all operating accounts, trust accounts and escrow accounts, including but not limited to Simmons Bank, Pinnacle Bank, Volunteer State Bank and/or Capital Bank. In addition, any such bank or financial institution shall be required to furnish to the Receiver any such information requested or in their possession or under their control. If requested, Mr. Allman shall provide all passwords, authorizations or waivers requested by Mr. Powers to obtain account information from the financial institute.

6. Andy Lamar Allman shall provide Mr. Powers with a copy of 2015 Federal Tax Return and his Schedule C for the tax years 2014 and 2015.

7. Andy Lamar Allman shall furnish the original employee file to Mr. Powers and provide any and all contact information regarding his former employees and staff members including those employee files maintained at Iron Mountain. Mr. Allman shall furnish all authorizations necessary for Mr. Powers to access files at Iron Mountain, and further, Iron Mountain shall furnish access and any and all information relative to Andy Allman, Andy L. Allman, Andy Lamar Allman and/or Andy L. Allman and Associates to the Receiver.

8. Andy Lamar Allman shall furnish any and all information to Mr. Powers related to any retainer or expense received by Mr. Allman or any retainer agreement executed by a client or Mr. Allman in any action that has not been filed or refiled for the benefit of the client.

9. Andy Lamar Allman shall immediately deliver to Mr. Powers the law firm server(s) and/or computer(s) containing client information, client financial information, or firm financial information. Mr. Allman shall provide Mr. Powers with all passwords necessary to access any such computer delivered to Mr. Powers.

10. The Court is aware that certain legal actions have been filed against Andy Lamar Allman related to his practice of law in Davidson and Sumner County and the Receivership. In the interest of the clients and Mr. Allman, all pending cases in Tennessee are stayed for a period of ninety (90) days in order to provide the Receiver sufficient time to gather appropriate information and documentation related to Mr. Allman and his law firm and any and all malpractice insurance policies.

11. As of December 22, 2016, any fees or refunds due and owing to or received by Mr. Allman on any pending or completed cases shall will be considered the property of the receivership and subject to the jurisdiction of this Court. All such fees and refunds shall be paid directly to the Receiver, and Mr. Allman upon receipt of such funds, shall immediately remit said funds to the Receiver. All such funds shall be held by the Receiver pending further Orders of this Court.

12. Andy Lamar Allman shall furnish any and all information to Mr. Powers identifying those clients who have retained new counsel and the attorney the clients retained.

13. Upon approval of the Court, Mr. Powers may secure the services of Deputy Receivers or any other professional assistance to work under his authority.

14. In the absence of the permission of the Receiver or further Orders of the Court, Mr. Allman is prohibited from accessing files at Iron Mountain, accessing the firm's financial records, accessing the firm's bank accounts, negotiating any instruments payable to the firm, transferring any assets of the firm, pledging any assets of the firm or otherwise interfering with the equitable interest and duties of the Receiver.

ENTERED this 12th day of January, 2017.

_____
CHANCELLOR LOUIS OLIVER III

## CERTIFICATE OF SERVICE

I certify that a copy of the Order Appointing Receiver has been mailed by First Class Mail or emailed to the following persons on this the 10th day of January, 2017.

Andy Lamar Allman
639 Bonita Parkway S.
Hendersonville, TN 37075-4643
Andy@andyallman.com

Dennis Powers, Receiver Attorney
116 Public Square
Gallatin, TN 37066
sebmper@bellsouth.net
Dennis_powers@bellsouth.net

Katy Walker, Sumner County Bar President
130 S Water Ave
Gallatin, TN 37066
kbwalker@tndagc.org

Respectfully submitted,

_____
A. Russell Willis, BPR #11191
Disciplinary Counsel - Litigation
Board of Professional Responsibility
10 Cadillac Drive, Suite 220
Brentwood, TN 37027
(615) 361-7500

STATE OF TENNESSEE
SUMNER COUNTY
I, Mark T. Smith, Clerk & Master of said County, do hereby certify that the foregoing instrument contains a true and complete copy of Order Appointing Receiver as same appears of record or on file in Book 2016-CV Page 160 of the record of the Chancery Court of Sumner County, Tennessee given under my hand and seal this 12th day of Jan 2017