IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

|  |  |
|---|---|
| IN RE:<br><br>ANDY LAMAR ALLMAN,<br>SS#: XXX-XX-8498<br>639 BONITA PARKWAY<br>HENDERSONVILLE, TN 37075<br><br>    Debtor. | )<br>)<br>)  Chapter 13 Proceeding<br>)  Case No.17-03085<br>)  HON. CHARLES WALKER, Judge<br>)<br>)<br>)<br>)<br>)<br>) |

## **OBJECTION TO DEBTOR'S MOTION TO VOLUNTARILY DISMISS CHAPTER 13 BANKRUPTCY AND REQUEST FOR HEARING THEREON**

Comes the unscheduled Creditor Igne Goodson, through counsel, and hereby objects to the Debtor's Motion to Voluntarily Dismiss Chapter 13 Bankruptcy, filed June 29, 2017 (Docket Entry No. 13) and, further, requests a hearing thereon. In support, it shall be shown unto the Court that the Debtor's case is being dismissed in bad faith and is part of an ongoing scheme to hinder, delay, and defraud his creditors and to further deny them due process under the law. Ms. Goodson, through her attorneys has filed a motion to convert the instant case to Chapter 7 and said motion has been joined by the Chapter 13 Trustee.

Section1307(c) provides that a chapter 13 case may be converted to a case under chapter 7 upon request of the United States Trustee or party in interest for "cause" after notice and a hearing. It is believed that fraud was committed in this case both before and after the bankruptcy case was filed by the Debtor and that this fraud demonstrates the bad faith of the Debtor in filing the bankruptcy case and failing to fill out forms and schedules or even inform his creditors of the Bankruptcy filing. It is also clear that such fraud/bad faith constitutes cause for conversion under section 1307(c). *In re Molitor*, 76 F.3d 218, 220 – 221 (8th Cir. 1996); *In*

*re Caola*, 422 B.R. 13 (Bankr. D.NJ 2010).

The larger question is whether a chapter 13 case may be converted under section 1307(c) after a voluntary motion to dismiss has been filed by the Debtor. In 2007, the Supreme Court of the United States decided the case of *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365 (2007). *Marrama* was a chapter 7 bankruptcy, rather than a chapter 13 case, as here. In *Marrama,* the debtor filed inaccurate chapter 7 schedules and statements which omitted information regarding the true value of an asset that the debtor had transferred to a trust for which he was the sole beneficiary. *Marrama,* 549 U.S. at 368. The debtor admitted that he made the transfer to shield the property from creditors. The debtor sought to convert his chapter 7 case to chapter 13 after the chapter 7 trustee indicated his intention to liquidate the concealed asset. The chapter 7 trustee and the principal creditor in the case opposed the debtor's motion on the basis that the request to convert was made in bad faith and would constitute an abuse of the bankruptcy process. The bankruptcy court denied the debtor's motion to convert. The Supreme Court affirmed, concluding that the debtor's bad-faith conduct during the debtor's chapter 7 case justified denial of the debtor's motion to convert. The Court held that a debtor who acts in bad faith is not eligible for chapter 13 relief, and conversion to chapter 13 is inappropriate where a debtor is ineligible for relief under that chapter. *Id.* at 373-74.

In reaching its conclusions, the Supreme Court examined the legislative history as well as the content of sections 105(a), I09(e), 706 and, directly relevant to this appeal, 1307(c). The Court held that a debtor does not have an absolute right to convert his case under section 706(a) — despite legislative history which states that "Subsection (a) of this section gives the

debtor the one-time *absolute right,* of conversion of the liquidation case to a reorganization or an individual repayment plan case." *Id.* at 371 (citing S. Rep. No. 95-989, p. 94 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5880, and H.R. Rep. No. 95-595, p. 380 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6336) (emphasis added). The Supreme Court read 11 U.S.C. § 1307(c), which allows dismissal of bad faith cases, to mean that bad faith debtors cannot obtain chapter 13 relief. Because they are not eligible for chapter 13 relief, bad faith debtors cannot exercise their right under section 706(a) to convert to chapter 13. *Id.* The *Marrama* Court opined that "[n]othing in the text of either *§* 706 or *§* 1307(c) (or the legislative history of either provision) limits the authority of the court to take appropriate action in response to fraudulent conduct by the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor." *Id* at 374-75.

Although the question presented in *Marrama* was whether a chapter 7 debtor has an absolute right under 11 U.S.C. *§* 706(a) to convert his chapter 7 case, after *Marrama,* courts have considered whether a chapter *13* debtor still has an "absolute" right to dismiss under 11 U.S.C. *§* 1307(b). The United States Bankruptcy Court for the Eastern District of New York has concluded that the Second Circuit's decision in *Barbieri,* 199 F. 3d at 620 -which held that a chapter 13 debtor's section 1307(b) right to dismiss is absolute — is no longer good law. *See In re Armstrong,* 408 B.R. 559, 569 (Bankr. E.D.N.Y.) (holding that *Barbieri* "is no longer good law"), *modified,* 409 B.R. 629 (Bankr. E.D.N.Y. 2009) (holding that debtor's misconduct did not rise to the level of "bad faith" and granting motion to voluntarily dismiss). Other bankruptcy courts have reached a similar conclusion. *See In re Caola,* 422 B.R. 13, 18 (Bankr. D.N.J. 2010) (noting the court is now "unshackled" from

*pre-Marrama* precedent, "such as *Barbieri "*).

The Fifth and Ninth Circuits have also concluded that, in the wake of *Marrama,* a debtor's right to voluntary dismissal under 11 U.S.C. § 1307(b) is not absolute, but is qualified by the authority of a bankruptcy court to deny dismissal on grounds of bad-faith conduct. *See Jacobsen* v. *Moser (In re Jacobsen),* 609 F.3d 647, 660 (5th Cir. 2010) ("Following the Supreme Court's decision in *Marrama,* we hold that a bankruptcy court has the discretion to grant a pending motion to convert for cause under § 1307(c) where the debtor has acted in bad faith or abused the bankruptcy process and requested dismissal under § 1307(b) in response to the motion to convert."); *In re Rosson,* 545 F.3d 764, 773-74 (9th Cir. 2008) ("we conclude that the [Supreme] Court's rejection of the 'absolute right' theory as to § 706(a) applies equally to § 1307(b). Therefore, in light of *Marrama,* we hold that the debtor's right of voluntary dismissal under § 1307(b) is not absolute, but is qualified by the authority of a bankruptcy court to deny dismissal on grounds of bad-faith conduct or 'to prevent an abuse of process.'"). *Accord Wiliamson v. Office of the U.S. Trustee*, 414 B.R. 886 (Bankr. S.D. Ga. 2008) *aff'd by Williamson v. Office of U.S. Trustee*, 2009 WL 562238 (S.D. Ga. Mar. 04, 2009) (No. 608CV097) (chapter 12 debtor's case was converted to chapter 7 on basis of fraud despite pending voluntary motion to dismiss). Not all courts are unanimous on this question, however. *See In re Williams, 435* B.R. 552 (Bankr. N.D. Ill. 2010) (concluding, *post- Marrama,* that a debtor's statutory right to voluntary dismissal under 11 U.S.C. § 1307(b) is absolute and not limited by judicial discretion).

Mr. Allman has availed himself to all the rights of a Chapter 13 Debtor, but has assumed none of the responsibilities. Mr. Allman has also failed to provide proof that he has received an

individual or group briefing from an approved nonprofit budget and credit counseling agency as described in 11 U.S.C. § 109(h).  As such he may not be eligible to be a Debtor and if he is not a Debtor, then he does not have the right to seek dismissal of his case under 11 U.S.C. § 1307(b).

WHEREFORE, the Creditor Inge Goodson objects to the Voluntary Dismissal of this case and prays that this matter be set for hearing.

Respectfully submitted,

LEFKOVITZ & LEFKOVITZ

**/S/  STEVEN L. LEFKOVITZ**
Steven L. Lefkovitz, No. 5953
Attorney for Debtor
618 Church Street, Suite 410
Nashville, Tennessee 37219
Phone No.: (615) 256-8300
Fax No.:    (615) 255-4516
Email:  slefkovitz@lefkovitz.com

# CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and exact copy of the foregoing to Beth Roberts Derrick, Assistant United States Trustee, Henry E. Hildebrand, III, Chapter 13 Trustee, and all other parties of record to receive notice electronically via the United States Bankruptcy Court's CM/ECF system; this 29th day of June, 2017.

I further certify that I have sent a true and exact copy of the foregoing to the Debtor, Andy Lamar Allman, 639 Bonita Parkway, Hendersonville, TN 37075 by U.S. Mail, postage prepaid, this 29th day of June, 2017.

/S/ STEVEN L. LEFKOVITZ
Steven L. Lefkovitz