IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER: 13 |
| ANDY LAMAR ALLMAN ) | CASE NO.: 17-03085 |
| ) | JUDGE: WALKER |
| Debtor ) | |
| ) | |

## MOTION TO BIFURCATE HEARINGS

Andy Lamar Allman (the "Debtor"), by and through counsel, respectfully requests that the Motions and Objections listed below and set for hearing on July 26, 2017 be bifurcated and heard on separate dates. In support thereof, Debtor would state and show as follows:

1. Debtor filed this Chapter 13 bankruptcy case on May 3, 2017.

2. On May 22, 2017, The Chapter 13 Trustee filed a *Motion to Dismiss, for Cause, for Unreasonable Delay Prejudicial to Creditors* [Docket No. 6]. Creditor Inge Goodson objected to this Motion on June 16, 2017 [Docket No. 7].

3. On June 16, 2017, Creditor Inge Goodson also filed the *Expedited Motion of Creditor Inge Goodson to Convert This Case to One Under Chapter 7 of the Bankruptcy Code* [Docket No. 8]. On June 23, 2017, the Chapter 13 Trustee filed the *Trustee's Joinder to Expedited Motion of Creditor Inge Goodson to Convert This Case to One Under Chapter 7 of the Bankruptcy Code* [Docket No. 12].

4. Debtor filed a *Motion to Voluntarily Dismiss Chapter 13 Bankruptcy Case* on June 29, 2017 [Docket No. 13], to which Creditor Inge Goodson filed an *Objection to Debtor's Motion to Voluntarily Dismiss Chapter 13 Bankruptcy and Request for Hearing Thereon* on June 29, 2017 [Docket No. 14] (These motions and objections are hereinafter referred to collectively as the "Pending Contested Matters" or "Matters").

5. The Pending Contested Matters are all currently set for hearing on July 26, 2017 at 10:00 a.m.

6. Debtor requests that the hearings on these matters be bifurcated and set on separate dates because the *Motion to Voluntarily Dismiss Chapter 13 Bankruptcy Case* [Docket No. 13] may - and the Debtor argues **_does_** - dispose of all Pending Contested Matters.

7. The Court should maintain the July 26, 2017 date and time to hear and decide solely the threshold and dispositive legal issue of whether the Debtor's absolute right to voluntarily dismiss his Chapter 13 case can be qualified by use of § 105. The Debtor maintains that it cannot. Therefore, this issue is necessary to resolve before unnecessarily moving forward with the other Pending Contested Matters.

8. The Debtor will supplement this request by filing a brief in support of his position that granting a motion to voluntarily dismiss a Chapter 13 case[1] is not within the Court's discretion, but rather, is mandatory from the plain language of § 1307(b).

**WHEREFORE,** the Debtor respectfully requests that the hearings on the Pending Contested Matters be bifurcated and heard on separate dates and/or separate times, and for such further and other matters as the Court deems appropriate.

---

[1] The strict "shall" language within § 1307(b) is only a directive when a case has not been converted under section 706, 1112, or 1208. This present case was originally filed in Chapter 13, *pro se*, by Mr. Allman and has not been converted from another chapter.

Respectfully submitted,

*/s/ Gray Waldron*
TIMOTHY G. NIARHOS
GRAY WALDRON
REBECCA J. YIELDING
NIARHOS & WALDRON, PLC
1106 18th Avenue South
Nashville, Tennessee 37212
615-320-1101 – Telephone
615-320-1102 – Facsimile
tim@niarhos.com; gray@niarhos.com
rebecca@niarhos.com
*Limited Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Motion and the proposed Order thereon via CM/ECF Email service on the U.S. Trustee, Chapter 13 Trustee, Attorney for Creditor Inge Goodson, and all other parties requesting such service on the 14th day of July, 2017.

*/s/ Gray Waldron*
GRAY WALDRON