| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Andy Lamar Allman<br>638 Bonita Drive<br>Hendersonville, TN 37075 | DEFENDANTS |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>HENRY E HILDEBRAND IV<br>DUNHAM HILDEBRAND, PLLC<br>1704 Charlotte Avenue, Suite 105<br>NASHVILLE, TN 37203<br>615-933-5851 Fax : 855-510-7142 | ATTORNEYS (If Known)<br>Steven L. Lefkovitz 5953<br>LEFKOVITZ & LEFKOVITZ<br>618 CHURCH ST., #410<br>NASHVILLE, TN 37219<br>615-256-8300 Fax: 615-255-4516 |
|---|---|

| PARTY (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
Complaint to deny discharge and to determine dischargeability of debt pursuant to 11 USC 727 and 11 USC 523

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[1 ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[2 ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[3 ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Andy Lamar Allman | | BANKRUPTCY CASE NO.<br>317-03085 |
| DISTRICT IN WHICH CASE IS PENDING<br>**Middle District of Tennessee** | DIVISION OFFICE<br>**Nashville** | NAME OF JUDGE<br>**Walker** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br>/s/ Steven L. Lefkovitz<br>Steven L. Lefkovitz 5953 | |
|---|---|
| DATE<br>**August 21, 2017** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**Steven L. Lefkovitz 5953** |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 13 Proceeding |
| ANDY LAMAR ALLMAN, | ) Case No. 317-03085 |
| SS#: XXX-XX-8498 | ) Charles M. Walker, Judge |
| 639 Bonita Parkway | ) |
| Hendersonville, TN 37075 | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| CATHY BROWN, AS THE EXECUTRIX/ | ) |
| PERSONAL REPRESENTATIVE ON BEHALF | ) |
| OF THE ESTATE OF BARRY A GREGORY | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| -vs- | ) Adv. Pro. No. |
| | ) |
| ANDY LAMAR ALLMAN, | ) |
| SS#: XXX-XX-8498 | ) |
| 639 Bonita Parkway | ) |
| Hendersonville, TN 37075 | ) |

## COMPLAINT TO DENY DISCHARGE AND TO DETERMINE DISCHARGEABILITY OF DEBT

Comes the Plaintiff, through counsel, and for complaint in this cause, would show the following unto the Court:

1.      The Plaintiff, Cathy Brown was appointed the Executrix/Personal Representative for the Estate of Barry A. Gregory and in said capacity is an unsecured claimant of the Debtor, having engaged the Debtor/Defendant in the professional capacity as an attorney and to hold property of the Estate of Barry A. Gregory in his fiduciary account.

2.      The Defendant, Andy Lamar Allman, is the Debtor in the above-referenced case filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 3, 2017. The case was

1

converted by order of this Court to one under Chapter 7 of the Bankruptcy Code on July 27, 2017 (Docket Entry 49). A copy of the order converting the case to one under Chapter 7 is attached hereto, marked Exhibit 1, and is incorporated herein by reference.

3.      On July 5, 2017, a hearing case conducted before this Court in which the Debtor/Defendant in which an order was entered (Docket Entry 22) directing the Debtor/Defendant to file "*on or before July 19, 2017, all verified statements and schedules required under Chapter 13 of the Bankruptcy Code.*" The Plaintiff did not comply with this order of the Court. A copy of the order directing the Debtor/Defendant to file statements and schedules is attached hereto, marked Exhibit 2, and is incorporated herein by reference.

4.      Jurisdiction for this Court to hear this cause of action properly lies with Court pursuant 28 U.S.C. 1334, and venue for this Court to hear this cause of action is appropriate pursuant to 28 U.S.C. 1408. This action is a core proceedings as defined by 28 U.S.C. 157(b). This is an adversary proceeding pursuant to Fed.R.Bankr.P. 7001.

## COUNT NO. 1 – DENIAL OF DISCHARGE PURSUANT TO SECTION 727(a)(5) FOR FAILING TO ADEQUATELY EXPLAIN LOSS OF ASSETS OR DEFICIENCY OF ASSETS TO MEET THE DEBTOR'S LIABILITIES

5.      Section 727(a)(5) of the Bankruptcy Code (11 USC 727(a)(5)) states as follows: **(a)** The court shall grant the debtor a discharge, unless **(5)** the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

6.      The refusal of the Debtor/Defendant to file and comply with the mandate of the order of this Court marked Exhibit 2 (Docket Entry 22) constitutes a refusal on the part of the

2

Debtor/Defendant to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities.

7.      Based on the foregoing, the discharge of the Debtor must be denied pursuant to Section 727(a)(5).

## COUNT NO. 2 – DENIAL OF DISCHARGE PURSUANT TO SECTION 727(a)(6) FOR FAILING TO OBEY THE LAWFUL ORDER OF THIS COURT

8.      Section 727(a)(6) of the Bankruptcy Code (11 USC 727(a)(6)) states as follows: **(a)** The court shall grant the debtor a discharge, unless **(6)** the debtor has refused, in the case— **(A)** to obey any lawful order of the court, other than an order to respond to a material question or to testify.

9.      The refusal of the Debtor/Defendant to file and comply with the mandate of the order of this Court marked Exhibit 2 (Docket Entry 22) constitutes a refusal on the part of the Debtor/Defendant to obey any lawful order of the court, other than an order to respond to a material question or to testify.

10.      Based on the foregoing, the discharge of the Debtor must be denied pursuant to Section 727(a)(6).

## COUNT NO. 3 – DEBT EXCEPTED FROM DISCHARGE FOR VIOLATION OF SECTION 523(a)(2)(A)

11.      Section 523(a)(2)(A) of the Bankruptcy Code (11 USC 523(a)(2)(A)) states as follows: **(a)** A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—**(2)** for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by— **(A)** false pretenses, a

3

false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

12.     The Plaintiff engaged the Debtor/Defendant as an attorney to represent her in her capacity as the Executrix/Personal Representative of the Estate of Barry A. Gregory and to hold in trust the sum of $230,064.09.   The Debtor/Defendant represented to the Plaintiff that he was an attorney licensed under the laws of the state of Tennessee; that by holding the sum of $230,064.09 in his fiduciary account that the funds would be safe and not drawn upon until the probate of the Estate of Barry A. Gregory had been finalized.  The ultimate intent of funds deposited by the Plaintiff in the Debtor/Defendant's trust account was that it would be used to fund a trust to benefit the horrific injured and medical expenses suffered by the Plaintiff's nephew, Baylor Bramble.

13.     When the Debtor/Defendant's license to the practice law had been suspended nu the Tennessee Board of Professional Responsibility, the Plaintiff forthwith requested turnover of all of the funds held in the Debtor/Defendant's fiduciary account held on account and for the benefit of the Estate of Barry A. Gregory.  It was then that the Plaintiff discovered that the Debtor/Defendant had wrongfully breached his representations made to the Plaintiff in paragraph 12; misappropriated the aforementioned $230,064.09 for his own benefit; and has failed to prepared the trust agreement for Baylor Bramble.  As of the filing of this complaint, the Debtor/Defendant has failed return any of the monies deposited in his fiduciary account to the Plaintiff.  Attached hereto, marked Exhibit 3, and incorporated herein by reference is a copy of the Plaintiff' reflecting that the Plaintiff suffered damages as a proximate result of the

4

Debtor/Defendant's misrepresentations in the amount of $230,964.09, which must be excepted from discharge pursuant to Section 523(a)(2)(A) for which a judgment be entered.

## COUNT NO. 4 – DEBT EXCEPTED FROM DISCHARGE FOR VIOLATION OF SECTION 523(a)(4)

14.     Section 523(a)(4) of the Bankruptcy Code (11 USC 523(a)(4)) states as follows: **(a)** A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt **(4)** for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

15.     The Plaintiff engaged the Debtor/Defendant as an attorney to represent her in her capacity as the Executrix/Personal Representative of the Estate of Barry A. Gregory and to hold in trust the sum of $230,064.09.    The Debtor/Defendant represented to the Plaintiff that he was an attorney licensed under the laws of the state of Tennessee; that by holding the sum of $230,064.09 in his fiduciary account that the funds would be safe and not drawn upon until the probate of the Estate of Barry A. Gregory had been finalized.  The ultimate intent of funds deposited by the Plaintiff in the Debtor/Defendant's trust account was that it would be used to fund a trust to benefit the horrific injured and medical expenses suffered by the Plaintiff's nephew, Baylor Bramble.

16.     When the Debtor/Defendant's license to the practice law had been suspended nu the Tennessee Board of Professional Responsibility, the Plaintiff forthwith requested turnover of all of the funds held in the Debtor/Defendant's fiduciary account held on account and for the benefit of the Estate of Barry A. Gregory.  It was then that the Plaintiff discovered that the Debtor/Defendant had wrongfully breached his representations made to the Plaintiff in paragraph

5

12; misappropriated the aforementioned $230,064.09 for his own benefit; and has failed to prepared the trust agreement for Baylor Bramble. As of the filing of this complaint, the Debtor/Defendant has failed return any of the monies deposited in his fiduciary account to the Plaintiff. Exhibit 3 reflects that the Plaintiff suffered damages as a proximate result of the Debtor/Defendant's misrepresentations in the amount of $230,064.09, which must be excepted from discharge pursuant to Section 523(a)(2)(A) for which a judgment be entered.

WHEREFORE, the Plaintiff seek the relief sought in this complaint and for such other and further and general relief to which the Plaintiff would be entitled under the premises.

Respectfully submitted,

/s/ Steven L. Lefkovitz, No. 5953
Steven L. Lefkovitz
Counsel to the Plaintiff
618 Church Street, Suite 410
Nashville, TN 37219
(615) 256-8300 fax (615) 255-4516
Email slefkovitz@lefkovitz.com

## VERIFICATION

I hereby certify that the foregoing is true and correct to the best my knowledge, information, and belief.

/s/ Cathy Brown
Cathy Brown, Executrix/Personal
Representative for the Estate of Barry A.
Gregory

6

# EXHIBIT 1

7

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 7/27/2017



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:                       )

                          )     CASE NO: 3:17-03085

ANDY LAMAR ALLMAN,     )     CHAPTER 13

                          )     Honorable Charles M. Walker

          Debtor.       )

**ORDER DENYING MOTION TO STAY PROCEEDINGS,
GRANTING MOTION FOR CONTEMPT,
GRANTING MOTION TO CONVERT CASE TO CHAPTER 7,
DENYING DEBTOR'S MOTION TO DISMISS, AND
RENDERING TRUSTEE'S MOTION TO DISMISS MOOT.**

On July 26, 2017, this case was before the Court for hearing on the following matters:

    a)  the debtor's motion to stay proceedings (Dkt. #42),

    b)  creditor Igne Goodson's ("creditor") motion for contempt of court (Dkt. #38),

    c)  the creditor's expedited motion to convert the case to one under Chapter 7 (Dkt. #8),

    d)  the debtor's motion to voluntarily dismiss (Dkt. #13),

    e)  the Trustee's motion to dismiss for unreasonable delay (Dkt. #6).

The Trustee joined in the creditor's motion to convert, and the creditor objected to the debtor's motion to dismiss. Counsel for the Debtor, the creditor, the Trustee, and the U.S. Trustee appeared and were given the opportunity to present evidence and argument. The Court being duly advised, for the reasons stated on the record in open court, and set forth below,

       **IT IS HEREBY ORDERED** that,

1. The debtor's motion to stay proceedings is **DENIED**.

2. The creditor's motion for contempt is **GRANTED** and the debtor is found to be in contempt of this Court for his failure to comply with the Order dated July 10, 2017.

3. The creditor's motion to convert the case to one under Chapter 7 is **GRANTED**.

4. The debtor's motion to dismiss the case is **DENIED** as having been filed in bad faith to further the debtor's scheme to hinder his creditor's in abuse of the bankruptcy system. The totality of the circumstances in this case, coupled with the Debtor's stipulation on the

1

Case 3:17-bk-03085   Doc 49   Filed 07/27/17   Entered 07/27/17 16:09:23   Desc Main
Document     Page 1 of 2
Case 3:17-bk-03085   Doc 74   Filed 08/21/17   Entered 08/21/17 15:43:01   Desc Main
Document     Page 10 of 21

record that the petition was filed in bad faith, and the Court's responsibility to maintain the integrity of the bankruptcy system, require this Court to follow the line of cases holding that a debtor filing a motion to dismiss in the face of a motion to convert and for sanctions, does not have an absolute right to dismissal. *In re Youngblood*, No. 13-71071, 2013 WL 5592904 (Bankr. C.D. Ill. 2013), citing *Jacobsen v. Mosser* (*In re Jacobsen*), 609 F. 3d 647 (5th Cir. 2010); *Rosson v. Fitzgerald (In re Rosson)*, 545 F. 3d 764 (9th Cir. 2008); *In re Kotche*, 457 B.R. 434 (Bankr. D. Md. 2011). "If good faith is a condition of eligibility to be a Chapter 13 debtor—and *Marrama* says that it is—then a debtor who has acted in bad faith, both before filing and with respect to the actual filing, is not eligible to be a Chapter 13 debtor. And, a debtor who is not eligible to be a Chapter 13 debtor is not entitled to the protections of Chapter 13 such as the absolute right to dismiss." *Youngblood*, 2013 WL 5592904, at *7 referencing *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007).

5.  The Chapter 13 Trustee's motion to dismiss for unreasonable delay is rendered **MOOT**.

**IT IS FURTHER ORDERED** that as sanction for his contempt, the Debtor is to pay the attorney's fees and costs of the creditor and the Chapter 13 Trustee within 30 days of entry of the Order approving those fees and costs.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRNICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

# EXHIBIT 2

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 7/10/2017



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                      )
                                            )
ANDY LAMAR ALLMAN.,                         )      Case No. 17-03085
                                            )      Chapter 13 proceeding
        Debtor .                            )      Judge Walker

### ORDER CONTINUING HEARINGS

**THIS CAUSE** came to be heard on the 5th day of July, 2017, before the Honorable
Charles M. Walker, Judge of the United States Bankruptcy Court for the Middle District of
Tennessee, on the motion filed by the Standing Chapter 13 Trustee for the Middle District of
Tennessee, Henry E. Hildebrand, III to dismiss this case for unreasonable delay (Docket Entry
6); the objection filed by creditor Inge Goodson (Docket Entry 7); the motion filed by creditor
Inge Goodson to convert this case to a Chapter 7 proceeding (Docket Entry 8) and the joinder
filed by the Chapter 13 Trustee to creditor Goodson's motion to convert this case to a Chapter 7
proceeding.  Appearances were made on the record by Steven L. Lefkovitz, counsel for Inge
Goodson; Henry E. Hildebrand, III, Standing Chapter 13 Trustee; Beth Roberts Derrick,
Assistant U.S. Trustee; and Andy L. Allman, the Debtor representing himself pro se.

Mr. Allman orally moved to continue the hearings scheduled for July 5, 2017 to be
consolidated with the Debtor's motion to voluntarily dismiss this case (Docket Entry 13) which
was scheduled for hearing on July 19, 2017. Mr. Allman then informed the Court that he was in
the process of retaining counsel and that he had an appointment with Attorney Ronald Nevin on
July 10, 2017.

Beth Roberts Derrick, Assistant U.S. Trustee, then brought to the Court's attention that Dennis Powers, the duly appointed state court receiver for Mr. Allman, needed to be placed on the certificate of service list and made aware of his requirements under Section 543 of the Bankruptcy Code.

Henry E. Hildebrand, III, Standing Chapter 13 Trustee, then orally moved that Mr. Allman forthwith file all verified statements and schedules required under Chapter 13 of the Bankruptcy Code in order for the Court, creditors, and parties in interest to evaluate whether dismissal or conversion is in the best interests of this bankruptcy estate.

Steven L. Lefkovitz, counsel for Inge Goodson, then moved that Ronald Nevin or any other attorney engaged to represent the Debtor in this case shall enter an appearance in this case by July 19, 2017 in order to avoid any further delays in these proceeding.

The Court, having heard statement of counsel and in consideration of the entire record in this cause, hereby finds as follows:

1. All matters currently pending in this case, including but not limited to the motion filed by the Standing Chapter 13 Trustee for the Middle District of Tennessee, Henry E. Hildebrand, III to dismiss this case for unreasonable delay (Docket Entry 6); the objection filed by creditor Inge Goodson (Docket Entry 7); the motion filed by creditor Inge Goodson to convert this case to a Chapter 7 proceeding (Docket Entry 8); the joinder filed by the Chapter 13 Trustee to creditor Goodson's motion to convert this case to a Chapter 7 proceeding; and Debtor's motion to voluntarily dismiss this case (Docket Entry 13) are consolidated for hearing and reset for hearing on July 26, 2017 at 10:00 a.m. in Courtroom 1, Customs House Building, 701 Broadway, Nashville, Tennessee 37203.

2. Andy Lamar Allman shall file with the Clerk of this Court on or before July 19, 2017, all verified statements and schedules required under Chapter 13 of the Bankruptcy Code.

3. Ronald Nevin or any other attorney engaged to represent the Debtor in this case shall enter an appearance in this case by July 19, 2017 in order to avoid any further delays in these proceeding.

4. Notice of this order shall be sent to Dennis Powers, the duly appointed state court receiver for Mr. Allman, in order that Mr. Powers comply with his requirements under Section 543 of the Bankruptcy Code.

5. All other matters are hereby reserved.

   **IT IS SO ORDERED.**


**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**


APPROVED FOR ENTRY:

**/s/ Steven L. Lefkovitz**
Steven L. Lefkovitz, No. 5953
Attorney for Inge Goodson
618 Church St., #410
Nashville, TN 37219
(615) 256-8300  fax  (615) 255-4516
slefkovitz@lefkovitz.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2017, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. mail, to wit:

Russell Willis
Disciplinary Counsel – Litigation
Board of Professional Responsibility
10 Cadillac Drive, Suite 220
Brentwood, TN 37027

Dennis Powers, Receiver Attorney
116 Public Square
Gallatin, TN 37066

Andy Lamar Allman, Debtor
639 Bonita Parkway
Hendersonville, TN 37075

David Raybin
Counsel for Andy Allman
424 Church St Suite 2120
Nashville, TN 37219

Ronald Nevin, Esq.
Attorney at Law
404 James Robertson Parkway
Nashville, TN 37219

James Milam, Esq.
20th Jud. District Attorney Office
222 2nd Ave N Ste 500
Nashville, TN 37201

Parties may access this filing through the Court's electronic filing system.

/s/ Steven L. Lefkovitz
Steven L. Lefkovitz

This Order has been electronically
signed. The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.

# EXHIBIT 3

7

FILED

2017 MAY 31 AM 8: 28

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF TN

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Andy Lamar Allman |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Middle District of Tennessee |
| Case number | 3:17-bk-03085 |

## Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

The Estate of Barry A Gregory
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor  Cathy Brown

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Cathy Brown
Name

153 Hedgelawn Drive
Number        Street

Hendersonville        TN        37075
City        State        ZIP Code

Contact phone  615-481-3975

Contact email  cathy.brown@lifeway.com

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number        Street

_____
City        State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ — _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |

| | |
|---|---|
| 7. How much is the claim? | $ _____ 230,064.09 . Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Fraud-Money that was put in his trust account & wrote bad check |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property: $_____<br>Amount of the claim that is secured: $_____<br>Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition: $_____<br><br>Annual Interest Rate (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.  $_____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
|---|---|---|---|
| | ☐ Yes. Check one: | | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   05/26/2017
                   MM / DD / YYYY

*Cathy Brown*
Signature

Print the name of the person who is completing and signing this claim:

| Name | Cathy  M Brown | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 153 Hedgelawn Drive | | |
| | Number        Street | | |
| | Hendersonville | TN | 37075 |
| | City | State | ZIP Code |
| Contact phone | 6154813975 | Email | cathy.brown@lifeway.com |



See Assistant DA Jim milam for discovery file. Allman wrote check to prior attorney not me. This was funds for my fathers estate Allman was holding in his trust account. Wrote bad check to pay us back. Criminal charges are pending.