**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANDY LAMAR ALLMAN, | ) | Case No. 3:17-bk-03085 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Charles M. Walker |

**RESPONSE IN OPPOSITION TO
MOTION FOR ABANDONMENT AND RELIEF FROM AUTOMATIC STAY**

Debtor Andy Lamar Allman (the "Debtor") respectfully submits this response (the "Response") in opposition to the *Motion for Abandonment and Relief from Automatic Stay* (the "Stay Relief Motion") filed by Roger Sindle (the "Movant"). [Docket No. 133]. In support of the Response, the Debtor states as follows:

1. The Debtor filed a *pro se* chapter 13 bankruptcy petition with this Court on May 3, 2017. [Docket No. 1].

2. On June 29, 2017, the Debtor filed a motion to voluntarily dismiss his chapter 13 bankruptcy case pursuant to 11 U.S.C. § 1307(b) and Local Rule 1017-2(d). [Docket No. 13].

3. On July 27, 2017, this Court entered an order denying the Debtor's motion for voluntary dismissal and converting the case to a chapter 7 (the "Conversion Order"). [Docket No. 49].

4. On August 4, 2017, the Debtor filed a *Notice of Appeal,* seeking an appeal of the Conversion Order and requesting immediate dismissal of the bankruptcy case (the "Appeal"). [Docket No. 58]. That appeal is pending with the United States District Court for the Middle District of Tennessee.

5. On October 31, 2017, the Movant filed the Stay Relief Motion. [Docket No. 133]. Therein, the Movant asserts that he is the holder of a promissory note with a principal balance of

$40,000 secured by the following assets of the Debtor (the "Collateral"):

   a. 1978 MG MGB;

   b. 1990 BMW 75L;

   c. 2010 Infiniti QX5;

   d. 1996 Sea Ray Sundancer.

6. In the Stay Relief Motion, the Movant asserts that cause exists for this Court to grant relief from stay with respect to the Collateral based on (a) the Movant's lack of adequate protection; and (b) the Debtor's lack of equity in the Collateral. The Movant further seeks abandonment of the Collateral from the Debtor's bankruptcy estate.

7. The Debtor asserts that he has equity in the Collateral, and that the Movant is adequately protected in the collateral due to this equity.

8. The Debtor asserts that abandonment is not appropriate at this stage of the case given that the chapter 7 trustee may wish to market or sell the Collateral and yield proceeds exceeding what would be recovered in a non-bankruptcy liquidation. The Debtor may also be entitled to an exemption of his equity in the Collateral pursuant to Tenn. Code Ann. § 26-2-103.

9. Given the Movant's adequate protection in the Property and the prejudice that the Debtor and the estate will face if the Movant receives stay relief and abandonment, cause does not exist for stay relief pursuant to 11 U.S.C. § 362(d). The Debtor therefore requests that the Court deny the Stay Relief Motion.

Respectfully Submitted,

/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND, PLLC
1704 Charlotte Avenue, Suite 105
Nashville TN 37203
615.933.5851
ned@dhnashville.com
*Counsel for Andy Lamar Allman*

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and exact copy of the foregoing to all parties entitled to receive notice electronically via the United States Bankruptcy Court's CM/ECF system this the 14th day of November, 2017.

/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand, IV