**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANDY LAMAR ALLMAN, | ) | Case No. 3:17-bk-03085 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Charles M. Walker |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: JANUARY 29, 2018.
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: FEBRUARY 6, 2018,
AT 9:00 A.M., COURTROOM 2, 701 BROADWAY, NASHVILLE, TENNESSEE 37203**

**JOINT NOTICE OF JOINT MOTION FOR ENTRY OF AGREED ORDER
WAIVING DISCHARGE OF DEBTOR AND DISMISSING CASE**

Debtor, Andy Lamar Allman (the "Debtor"), the Chapter 7 Trustee over the Debtor's estate, and Creditors Inge Goodson and Cathy Brown (collectively, the "Movants") have asked the Court for the following relief: to enter the proposed *Agreed Order Waiving Discharge of Debtor and Dismissing Case*.

**YOUR RIGHTS MAY BE AFFECTED**. If you do not want the Court to grant the attached application, or if you want the Court to consider your views on the application, then on or before the deadline set forth above, you or your attorney must:

1. File with the Court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.**

    If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: US Bankruptcy Court, 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2. **Your response must state that you are responding to the Motion as identified above.**

3. You must serve your response or objection **by electronic service through the Electronic Filing system** described above.

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. ***THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE***. You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at <www.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the application and may enter an order granting that relief.

Respectfully Submitted,

/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND, PLLC
1704 Charlotte Avenue, Suite 105
Nashville, TN 37203
615.933.5851
ned@dhnashville.com
*Counsel for the Debtor*

/s/ Steven L. Lefkovitz
Steven L. Lefkovitz
618 Church Street, Suite 410
Nashville, TN 37219
615.236.8300
slefkovitz@lefkovitz.com
*Counsel for Cathy Brown and Inge Goodson*

/s/ Robert H. Waldschmidt
Robert H. Waldschmidt
P.O. Box 2828
Brentwood, TN 37024-2828
615.468.1020
rhw@rhwlawoffice.com
*Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANDY LAMAR ALLMAN, | ) | Case No. 3:17-bk-03085 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Charles M. Walker |

**JOINT MOTION FOR ENTRY OF AGREED ORDER
WAIVING DISCHARGE OF DEBTOR AND DISMISSING CASE**

COME NOW Debtor Andy Lamar Allman (the "Debtor"), the Chapter 7 Trustee, and Creditors Inge Goodson and Cathy Brown (collectively, the "Movants") to respectfully move this Court to enter the proposed agreed order submitted herewith waiving the Debtor's discharge under 11 U.S.C. § 727(a)(10) and Fed. R. Bankr. P. 4004, and dismissing this bankruptcy case. In support of this *Joint Motion for Entry of Agreed Order Waiving Discharge of Debtor and Dismissing Case* (the "Joint Motion"), the Movants state as follows:

**Background**

1. On January 12, 2017, the Chancery Court for Sumner County, Tennessee (the "State Court") entered an *Order Appointing Receiver* (the "Receivership Order"). [*See* Docket No. 7, p. 30]. Under the Receivership Order, the State Court appointed Dennis Powers (the "Receiver") to act as a receiver for Mr. Allman's client files, bank accounts, and receivables related to his law practice. Specifically, the Receivership Order required Mr. Allman to turn over all information on—and grant the Receiver access to—every bank account associated with the Allman Law Firm or Mr. Allman personally. The Receivership Order also stated that any money owed to or received by Mr. Allman related to any completed cases are property of the receivership, and all such funds shall be paid to, and held by, the Receiver pending further order of the State Court. Finally, the Receivership Order prohibited Mr. Allman from (a) accessing any financial records or

1

bank accounts from his law firm, (b) transferring or pledging any assets from his law firm, or (c) otherwise interfering with the duties of the Receiver.

2. Mr. Allman filed a *pro se* chapter 13 bankruptcy petition with this Court on May 3, 2017. [Docket No. 1].

3. On May 22, 2017, the Chapter 13 Trustee filed a motion to dismiss the bankruptcy case due to Mr. Allman's failure to file a plan, statements and schedules, a creditor matrix, or a certificate confirming his receipt of a pre-petition credit briefing pursuant to 11 U.S.C. § 109. [Docket No. 6].

4. On June 16, 2017, disputed creditor Inge Goodson ("Ms. Goodson") filed (a) a response to the Chapter 13 Trustee's motion to dismiss, and (b) a motion to convert Mr. Allman's bankruptcy to one under chapter 7. [Docket Nos. 7-8].

5. On June 29, 2017, the Debtor filed a motion to voluntarily dismiss his chapter 13 bankruptcy case pursuant to 11 U.S.C. § 1307(b) and Local Rule 1017-2(d). [Docket No. 13]. That same day, Ms. Goodson filed an objection to the Debtor's motion to dismiss. [Docket No. 14].

6. On July 10, 2017, this Court entered an order (a) continuing the hearings on Chapter 13 Trustee's motion to dismiss, Ms. Goodson's motion to convert the case to chapter 7, Mr. Allman's motion to voluntarily dismiss his case, and Ms. Goodson's objection thereto (the "Conversion Hearing"), to July 26, 2017 and (b) requiring Mr. Allman to file statements and schedules on or before July 19, 2017 (the "Scheduling Order"). [Docket No. 22].

7. On July 20, 2017, Ms. Goodson filed a motion for contempt against Mr. Allman for his failure to file statements and schedules by July 19, 2017. [Docket No. 38]. This Court set this motion for hearing with the Conversion Hearings.

8. On July 27, 2017, this Court entered an *Order Denying Motion to Stay Proceedings, Granting Motion for Contempt, Granting Motion to Convert Case to Chapter 7, Denying Debtor's Motion to Dismiss, and Rendering Trustee's Motion to Dismiss Moot* (the "Conversion Order"). [Docket No. 49]. In the Conversion Order, the Court converted Mr. Allman's case to chapter 7, denied the motion to stay Mr. Allman's obligations under the Scheduling Order, and held Mr. Allman in contempt for failing to submit verified statements and schedules.

9. On July 28, 2017, this Court appointed Robert H. Waldschmidt as the chapter 7 trustee (the "Chapter 7 Trustee") of Mr. Allman's bankruptcy estate. [Docket No. 49].

10. After extensive discussions between the Movants—the parties most involved in this bankruptcy case—the Movants have mutually agreed that the relief requested in the proposed Agreed Order is in the best interest of the Debtor, the creditors, and the estate.

**Relief Requested and Basis for Relief**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b), 28 U.S.C. § 157, and 28 U.S.C. § 151.

2. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and (J). This Joint Motion is filed pursuant to 11 U.S.C. § 727(a)(10) and Fed. R. Bankr. P. 4004.

3. By this Motion, the Movants seek an order in the form of the proposed Agreed Order submitted herewith that (a) waives the Debtor's discharge under 11 U.S.C. § 727 with respect to this case and any future bankruptcy filing, (b) dismisses this bankruptcy case in its entirety, including all pending adversary proceedings, and (c) bars the Debtor from filing any bankruptcy case under any chapter in any district for two years.

4. The relief requested shall not operate as a final decision regarding any liability that the Debtor may owe to any of his creditors, nor shall it make any determinations regarding the

3

extent or validity of any claims asserted against the Debtor. The Movants request only that the Debtor's discharge be waived with respect to any debts owed to any scheduled creditors to the extent such creditors hold valid claims under applicable non-bankruptcy law. The Movants request that the Debtor retain his right to dispute or challenge the validity or extent of any claim asserted against him under applicable non-bankruptcy law.

5. The relief requested shall have no impact on the Receivership Order, which shall continue by its terms unless altered or amended by the State Court or any other court of appropriate jurisdiction.

6. The relief sought in this Joint Motion is the result of an agreed negotiation between the Movants. Nothing in the relief requested, including but not limited to the waiver of discharge under 11 U.S.C. § 727(a)(10), shall be construed as an admission of any wrongdoing by the Debtor or other facts that may give rise to a denial of discharge under 11 U.S.C. § 727. It is rather the result of an agreed negotiation that the Debtor has determined to be in the best interest of himself, his estate, and his creditors.

7. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, the Movants request that the order granting the requested relief effect immediately upon its entry.

Respectfully Submitted,

/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND, PLLC
1704 Charlotte Avenue, Suite 105
Nashville, TN 37203
615.933.5851
ned@dhnashville.com
*Counsel for the Debtor*

/s/ Steven L. Lefkovitz
Steven L. Lefkovitz
618 Church Street, Suite 410
Nashville, TN 37219
615.236.8300
slefkovitz@lefkovitz.com
*Counsel for Cathy Brown and Inge Goodson*

/s/ Robert H. Waldschmidt
Robert H. Waldschmidt
P.O. Box 2828
Brentwood, TN 37024-2828
615.468.1020
rhw@rhwlawoffice.com
*Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANDY LAMAR ALLMAN, | ) | Case No. 3:17-bk-03085 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Charles M. Walker |

## AGREED ORDER WAIVING DISCHARGE OF DEBTOR AND DISMISSING CASE

This matter is before the Court upon the *Joint Motion for Entry of Agreed Order Denying Discharge of Debtor and Dismissing Case* (the "Joint Motion") submitted for entry by the Debtor Andy Lamar Allman, the Chapter 7 Trustee over the Debtor's estate, and Creditors Inge Goodson, and Cathy Brown (along with the U.S. Trustee, collectively, the "Parties"), wherein the Parties request entry of an order dismissing this bankruptcy case and waiving the discharge of the Debtor pursuant to 11 U.S.C. § 727 and Fed. R. Bankr. P. 4004.

Andy Lamar Allman acknowledges that his attorney has thoroughly explained the consequences of waiving his discharge. Andy Lamar Allman waives all right to appeal the entry of this Agreed Order, and the waiver of his discharge in bankruptcy. The Parties further agree that should the Court reject this Agreed Order for any reason, the Parties shall be free to proceed with the trial of any adversary proceeding.

The Parties acknowledge and agree that this Agreed Order contains the entire agreement between the Parties. The Parties further acknowledge that no Party has made, nor has given any other representations, promises, inducements, or rewards to Andy Lamar Allman or anyone else on his behalf as consideration for his waiver of discharge.

After consideration of the terms in the Joint Motion, and recognizing the agreement of the Parties and the fact that no other creditors filed any objection thereto, the Court finds the Joint

1

Motion to be well-taken. Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that the bankruptcy case is hereby DISMISSED, subject to the conditions stated herein:

1. Andy Lamar Allman WAIVES his discharge pursuant to 11 U.S.C. § 727(a)(10) of the Bankruptcy Code. Andy Lamar Allman's waiver of his discharge is accepted and approved by this Court. Andy Lamar Allman will not receive a bankruptcy discharge in chapter 7 case number 17-03085.

2. All pending adversary proceedings in this case shall be dismissed without prejudice, with leave for the plaintiffs to file new actions in a court of appropriate jurisdiction under applicable non-bankruptcy law.

3. Andy Lamar Allman is barred from filing any bankruptcy case under any chapter in any district for two years from the date of entry of this Order.

4. Nothing in this Order shall operate as a final decision regarding any liability that the Debtor may owe to any of his creditors, nor shall it make any determinations regarding the extent or validity of any claims asserted against the Debtor. Rather, this Order merely waives the discharge with respect to any debts owed to any scheduled creditors to the extent such creditors hold valid claims under applicable non-bankruptcy law. Nothing in this Order shall preclude or prevent the Debtor from disputing or challenging the validity or extent of any claim asserted against him.

5. This Order is the result of an agreed negotiation between the Parties. Nothing in this Order shall be construed as an admission of any wrongdoing by the Debtor or of any facts that may give rise to a denial of discharge under 11 U.S.C. § 727.

6. Nothing in this Order shall modify or affect the order of the Chancery Court for Sumner County, Tennessee entered December 22, 2016 in the Matter of Andy Lamar Allman,

2

Chancery Court of Sumner County Case Number 2016-CV-160, appointing Dennis Powers (the "Receiver") as receiver over certain assets and receivables of the Debtor (the "Receivership Order"), nor shall it affect any of the rights, duties, and obligations of the Receiver under the Receivership Order.

7.  Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall take effect immediately upon its entry.

IT IS SO ORDERED.

> THIS ORDER WAS SIGNED AND ENTERED
> ELECTRONICALLY AS INDICATED AT THE TOP OF THIS PAGE.

APPROVED FOR ENTRY:

/s/ Ned Hildebrand
Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND, PLLC
1704 Charlotte Avenue, Suite 105
Nashville, TN 37203
615.933.5851
ned@dhnashville.com
*Counsel for the Debtor*

/s/ Steven L. Lefkovitz
Steven L. Lefkovitz
618 Church Street, Suite 410
Nashville, TN 37219
615.236.8300
slefkovitz@lefkovitz.com
*Counsel for Cathy Brown and Inge Goodson*

Samuel K. Crocker
U.S. Trustee, Region 8

/s/ Megan Seliber
Megan Seliber
Assistant U.S. Trustee
701 Broadway, Suite 318
Nashville, TN 37203
615.695.4060
megan.seliber@usdoj.gov


/s/ Robert H. Waldschmidt
Robert H. Waldschmidt
P.O. Box 2828
Brentwood, TN 37024-2828
615.468.1020
rhw@rhwlawoffice.com
*Chapter 7 Trustee*