*Charles M. Walker*
U.S. Bankruptcy Judge
Dated: 3/13/2018



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No: 3:17-03085 |
| ANDY LAMAR ALLMAN, ) | Chapter 7 |
| ) | Honorable Charles M. Walker |
| Debtor. ) | |
| ) | |

**MEMORANDUM OPINION
ACCOMPANYING AGREED ORDER
WAIVING DEBTOR'S DISCHARGE AND
DISMISSING CASE**

THIS MATTER is before the Court on the Joint Motion to Dismiss Case and Waive Discharge of Debtor ("Motion"). The entry of the Agreed Order will dismiss the case on the request of the Debtor, the Chapter 7 Trustee, and two of the main creditors in the case. On July 27, 2017, this Court entered an Order[1] wherein it ruled that this Debtor did not have the right to dismiss his case voluntarily because he was a bad faith filer. This Opinion is to clarify for the parties and for the record that the Agreed Order does not in any way overturn, overrule, reverse, or terminate that Order. Although the Debtor appealed that Order, the appeal was dismissed by stipulation[2] as part of the terms of the agreement that is the basis of the Agreed Order. The Court undertakes this task in the interest of transparency and clarity given the number of *pro se* parties in interest.

---

[1] Order Denying Motion to Stay Proceedings, Granting Motion for Contempt, Granting Motion to Convert to Chapter 7, Denying Debtor's Motion to Dismiss, and Rendering Trustee's Motion to Dismiss Moot (ECF No. 49) ("Order").
[2] Agreed Stipulation of Dismissal (ECF No. 203).

1

## Background

The Debtor filed his "bare bones"[3] petition for relief under Chapter 13 of the Bankruptcy Code[4] on May 3, 2017. The Debtor, an attorney whose disbarment resulted in the appointment of a state court receiver and a criminal indictment, did not file any schedules, Statement of Financial Affairs, credit counseling certification,[5] or creditor matrix with his original filing. When he failed to do so within the time frame required by the Federal Rules of Bankruptcy Procedure,[6] the Chapter 13 Trustee filed a Motion to Dismiss for Unreasonable Delay Prejudicial to Creditors (ECF No. 6). Creditor Inga Goodson ("Goodson") objected to the Trustee's motion and filed a Motion for Conversion to Chapter 7 (ECF No. 8), alleging bad faith on the part of the Debtor in filing the petition in an attempt "to curtail the efforts of the duly appointed state court receiver." The Chapter 13 Trustee joined in Goodson's motion. The Debtor responded by filing a Motion to Voluntarily Dismiss (ECF No. 13) under § 1307(b), followed by a Motion to Stay Proceedings, wherein he expressed his concern that further proceedings would infringe upon his Constitutional Fifth Amendment privilege against self-incrimination. (ECF No. 42).

The Court held a hearing on July 5, 2017 on the Trustee's motion to dismiss and Goodson's motion to convert. The Debtor appeared and requested a continuance to allow him to retain counsel. The Court continued the hearing until July 26, 2017, and ordered the Debtor to file his schedules and statements on or before July 19, 2017. When the Debtor failed to comply with the order, Goodson filed a Motion for Contempt (ECF No. 38). At the hearing on July 26, 2017, the Court entered the Order, and the case was converted to a Chapter 7. The Debtor appealed the Order to the District Court for the Middle District of Tennessee, asserting his right to dismiss under § 1307(b).

We are now eight months down the road from the filing of that appeal, during which time no progress was made to resolve this unpleasant situation. After asserting his Fifth Amendment rights, failing to file complete schedules and statements (*see* ECF No. 152), two continuances of the meeting of creditors due to his failure to file a mailing matrix, numerous motions that

---

[3] Term of art used to describe a bankruptcy filing to initiate a case with the barest of documentation – typically, just the first eight pages of the petition.
[4] 11 U.S.C. § 101 *ff*. Any reference to "section" or "the Code" is a reference to the Bankruptcy Code unless another reference is stated.
[5] 11 U.S.C. § 109(h)(1).
[6] FED. R. BANKR. P. 1007(c), in relevant part provides: Time Limits. In a voluntary case, the schedules, statements, and other documents . . . shall be filed with the petition or within 14 days thereafter . . . [.]

2

delayed all proceedings (i.e. Motion to Stay Proceedings, Motion to Stay Pending Appeal, Motion to file the Creditor Matrix under seal), a resolution is now in sight.

## The Joint Motion and Agreed Order

The Motion was filed by the Debtor, the Chapter 7 Trustee ("Trustee"), and creditors Cathy Brown ("Brown") and Inge Goodson ("Goodson") (collectively "Creditors"[7]). The United States Trustee has no objection to the Motion, however, twelve parties filed *pro se* objections. These parties are all former clients of the Debtor who each assert in their objection that they may have a claim against the Debtor ("Clients).

Although the Agreed Order will provide for dismissal of the case, it will do so with sanction to the Debtor. First, the Debtor will waive his discharge and any right to appeal the Agreed Order. Second, the Debtor will be barred from filing for relief under the Code in any court in any jurisdiction for a period of two years. Attached to the Agreed Order is a Supplement containing a Summary of Efforts taken by the United States Trustee and the Chapter 7 Trustee. The supplement outlines the actions taken to investigate the assets of the Debtor, and the conclusion that there are no assets to be administered for the benefit of creditors. Given the "no asset" status of the case, this appears to be the best outcome for the Creditors, the Objectors, and any other parties in interest.

## Prior Ruling

The Court denied the Debtor's motion to dismiss under § 1307(b), instead granting Goodson's motions for contempt and conversion based on its finding that the Debtor filed the motion in bad faith as part of a scheme to hinder and delay his creditors. In doing so, the Court held:

> The debtor's motion to dismiss the case is **DENIED** as having been filed in bad faith to further the debtor's scheme to hinder his creditor's in abuse of the bankruptcy system. The totality of the circumstances in this case, coupled with the Debtor's stipulation on the record that the petition was filed in bad faith, and the Court's responsibility to maintain the integrity of the bankruptcy system, require this Court to follow the line of cases holding that a debtor filing a motion to dismiss in the face of a motion to convert and for sanctions, does not have an absolute right to dismissal. *In re Youngblood*, No. 13-71071, 2013 WL 5592904 (Bankr. C.D. Ill. 2013), citing *Jacobsen v. Mosser* (*In re Jacobsen*), 609 F. 3d 647 (5th Cir. 2010); *Rosson v. Fitzgerald (In re Rosson)*, 545 F. 3d 764 (9th Cir. 2008); *In re Kotche*, 457 B.R. 434 (Bankr. D. Md.

---

[7] Note: Brown and Goodson are also former clients of the Debtor.

3

2011). "If good faith is a condition of eligibility to be a Chapter 13 debtor—
and *Marrama* says that it is—then a debtor who has acted in bad faith, both
before filing and with respect to the actual filing, is not eligible to be a
Chapter 13 debtor. And, a debtor who is not eligible to be a Chapter 13 debtor
is not entitled to the protections of Chapter 13 such as the absolute right to
dismiss." *Youngblood*, 2013 WL 5592904, at *7 referencing *Marrama v.
Citizens Bank of Massachusetts,* 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d
956 (2007).

The Court held that the Debtor, as a bad faith filer of a case under Chapter 13, was not entitled to the rights, privileges, and benefits afforded a Debtor seeking relief in good faith. As such, the Debtor was not entitled to voluntarily dismiss his Chapter 13 case in the face of a Motion to Convert. The Order and the findings contained therein stand. The Debtor has dismissed his appeal of the Order. Nothing in the record, nor anything in the Agreed Order changes the findings made by the Court in that Order.

## Current Status

Why, then, is this bad faith Debtor *now* permitted to voluntarily dismiss his case? Herein lies the point of this opinion: to provide explanation to the parties – specifically the *pro se* Clients – as to why dismissal at the Debtor's request is appropriate now when it was not before.

The first dismissal motion was brought by the Chapter 13 Debtor who was found to have filed his petition in bad faith. Granting that motion would have permitted him to have the benefit of the automatic stay, resulting in "holding off" his creditors – particularly the Clients – without having complied with the provisions of the Code.

The Code requires full disclosure of assets and liabilities, as well as attendance at a meeting of creditors to address questions by the Chapter 13 Trustee and interested parties. Had the Debtor complied with the Code, the disclosed information may have been beneficial to his Creditors and Clients in protecting their interests. The required disclosures are designed to provide the poor but unfortunate debtor with a fresh start by disclosing to the world the debts that are to be discharged, as well as any assets that may be liquidated for the benefit of creditors. This Debtor, however, disclosed nothing upon his initial filing except his name and address. He failed to provide any information in compliance with the Code[8] for over eight months.

---

[8] *See* 11 U.S.C. §§ 521 and 341, Fed. R. Bankr. P. 1007.

Until now, the Debtor was the only one to benefit from the filing. The moment he filed his Chapter 13 petition, the automatic stay prohibited his creditors from pursuing any collection actions against him.[9] That stay has remained in full force and effect since the date of filing some ten months ago.[10] The Debtor has had the benefit of the stay without paying price – compliance with the Code. He then sought to exit the bankruptcy process unscathed while having stalled the Creditors and Clients to their detriment.[11]

Now, the Debtor is a Chapter 7 Debtor. This subjected him to the scrutiny of a Chapter 7 Trustee, who investigated the possibility of administering assets for the benefit of creditors. Additionally, in order to obtain the dismissal, the Debtor is waiving his discharge and ability to appeal the Agreed Order. What this means is that there is no discharge available to him for any debt for which he is liable on the petition date. No discharge – now or in the future – for any debt for which he is responsible on the date of filing.

Additionally, he is barred from seeking relief from this or any other bankruptcy court in the country for a period of two years. The waiver of discharge and the bar to refiling are sanctions to which the Debtor has agreed, with advice of counsel. These sanctions are appropriate in this situation in that they address the concerns of the Creditors and the Objectors directly. *See In re Cusano*, 431 B.R. 726, 738 (6th Cir. 2010) citing *In re Greenburg*, 200 B.R. 763, 769-70 (Bankr. S.D.N.Y. 1996) (sanctions "should fit the situation, remedying the abuse and protecting the party most directly affected by the wrongful conduct.").

## Conclusion

The Court's finding that the Debtor filed his Chapter 13 petition in bad faith is not contradicted by the entry of the Agreed Order dismissing the Debtor's Chapter 7 case without a discharge and with a bar to refiling. This appears to be the best result in light of the Court's previous findings and the interests of the Creditors and Objectors. The Joint Motion is GRANTED. The Agreed Order will be entered.

---

[9] 11 U.S.C. § 362.
[10] With the exception of one creditor who obtained relief from the stay.
[11] *i.e.* one Client represented to the Court at the hearing on February 27, 2018 that the statute of limitations had run on the claim for which she had retained the Debtor to represent her.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.